### · John E. Dennis's Case.

Under the Gen. Sts. *c.* 124, § 34, a debtor arrested on execution, and found guilty and sentenced to imprisonment upon charges of fraud, is not entitled to the benefit of the poor debtors' oath, even upon a new application after the expiration of his sentence.

HABEAS CORPUS to the keeper of the jail of Suffolk, who made return that he held the prisoner under an execution in favor of Sarah Glanberg. Hearing before *Wells, J.,* who reserved for the consideration of the full court the case which is stated in the opinion.

*E. P. Brown,* for the petitioner.

*M. Fischacher,* for the judgment creditor.

MORTON, J. The prisoner was arrested on July 2, 1870, upon an execution for debt, issued by the Municipal Court of Boston. He recognized with sureties under the statute, and within thirty days applied to a commissioner of insolvency for the benefit of the oath for the relief of poor debtors; the judgment creditor filed charges of fraud against him under the Gen. Sts. *c.* 124,

§ 31, and after a hearing the commissioner, on August 9, 1870, adjudged him guilty thereof, refused to administer to him the oath, and sentenced him to confinement in the jail for Suffolk County for the term of thirty days. He was imprisoned accordingly. On May 18, 1871, being imprisoned in jail under the said execution, he applied to a master in chancery to take the oath for the relief of poor debtors; and after due notice to the judgment creditor and a full hearing, the master administered the oath, and issued his certificate thereof on May 25, 1871. The question is, whether these proceedings entitled the debtor to be discharged from imprisonment.

The Gen. Sts. *c.* 124, § 34, provide that if the debtor is found guilty of any of the charges of fraud alleged against him under § 31, " he shall have no benefit from the proceedings under this chapter, and may be sentenced by the magistrate or court before whom the trial is had, to confinement at hard labor in the house of correction for a term not exceeding one year, or to confinement in jail not exceeding six months." The petitioner contends that this provision means merely that, if the debtor is found guilty of fraud, he shall have no benefit from the pending proceedings or application to take the oath, but that under § 14 he may make a new application and give a new notice, and upon such application is entitled to take the oath, notwithstanding the fraud which he has committed. We are unable to adopt this construction of the statute.

The necessary effect of the allegation and proof of fraud is to create a permanent disability which makes it impossible for the convicted debtor ever to have the benefit of the statute. As between him and the judgment creditor, the fraud is *res adjudicata.* If he makes another application to a magistrate, the record of the case shows a prior adjudication of fraud which furnishes a continuing and conclusive reason why he cannot have the benefit of the proceedings under the statute. The fraud proved against him is an act of such a nature that it cannot be purged by any subsequent act of his; it is a committed offence, which stands as a perpetual bar to his right to take the oath in the case in which it was proved. Such is the necessary legal effect of his conviction.

The general provisions of the statute are clear, that, at any time pending the examination of the debtor, the proof of fraud shall deprive him of any benefit of the proceedings under it. Gen. Sts. *c.* 124, §§ 31, 34. It nowhere provides that a debtor convicted of fraud may, after he has served his sentence, if any is imposed, upon a second application, obtain his discharge from imprisonment on the execution. If such had been the intention of the legislature, we think it would have been distinctly expressed. The statute was designed for the benefit of honest debtors. It is intended to punish fraudulent debtors by excluding them from the benefits of its provisions, and by an additional penalty at the discretion of the court or magistrate. The language of the St. of 1857, *c.* 141, of which the Gen. Sts. *c.* 124, is a reenactment, is significant in this connection. The first section, which indicates the general scope and purpose of the statute, is that " imprisonment for debt, except in cases of fraud, is forever abolished in Massachusetts."

We think that the whole course of legislation upon the subject, and the true construction of the chapter .we are considering, show that the intention of the legislature was to provide that the debtor who is convicted of fraud shall not be entitled to take the oath for the benefit of poor debtors, and thus be relieved from imprisonment upon the execution under which he has been convicted. The argument that this construction violates the principle that a man shall not be punished twice for the same offence is unfounded. The confinement in jail and the disability to avail himself of the laws for the relief of poor debtors are parts of one penalty for the offence of which the debtor is convicted.

It follows that the proceedings before the master in chancery were erroneous and void, and did not entitle the petitioner to be discharged from imprisonment.        *Prisoner remanded.**

---

* The St. of 1872, *c.* 281, § 2, amends the Gen. Sts. *c.* 124, § 34, by adding " provided, however, that the defendant or debtor, after the expiration of any sentence, may renew his application for the oath for the relief of poor debtors as though he had not been found guilty and sentenced ; " and § 3 declares that " the provisions of the preceding section shall apply also to cases in which the sentence aforesaid had been passed at the time of the passage of the act."