### DAVIS R. STOCKWELL *vs.* DANIEL SILLOWAY.

Upon a trial under Gen. Sts. *c.* 124, §§ 31–34, of a charge that a debtor has fraudulently conveyed his estate with a design to defraud his creditors, it is competent, upon the question of design, to show that other fraudulent conveyances had been made by him at about the same time and as a part of the same fraudulent scheme; and a record of his former conviction upon similar charges at the suit of the same creditor upon an arrest upon another execution is conclusive evidence that the conveyances then found to be fraudulent were so in fact.

APPEAL to the Superior Court, under Gen. Sts. *c.* 124, §§ 32, 33, by a creditor, from the decision of a commissioner of insolvency finding the defendant not guilty of certain charges of fraud filed against him by the creditor on his application to take the poor debtor's oath.

At the trial, before *Brigham*, C. J., the plaintiff, in order to prove the fraudulent intent of the defendant, offered the record of his previous conviction in that court, on the complaint of the plaintiff, of having made several fraudulent conveyances, at or about the same time as the alleged fraudulent transactions set forth in the charges in this case. The record of the conviction

was admitted without objection. The plaintiff contended that the record of conviction was conclusive evidence of the facts found in it, and conclusive evidence that all the conveyances set forth in the charges in that case as fraudulent, and upon which the defendant was then convicted, were fraudulent as alleged, and that they were to be considered as fraudulent by the jury in considering the charges in this case. But the court ruled, and instructed the jury, that the record was to be taken and considered by them as evidence of such fraudulent conveyances to be weighed by them, and declined to rule that it was conclusive. The jury found the defendant not guilty, and the plaintiff excepted.

*H. Carter*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendant.

MORTON, J. To prove the intent of the defendant in making the conveyances alleged to be fraudulent in the charges filed by the plaintiff, it was competent to show other fraudulent conveyances made about the same time and as a part of the same scheme of fraud. For this purpose the plaintiff introduced the record of a judgment of the Superior Court rendered in proceedings between the same parties under the provisions of the General Statutes in relation to poor debtors, adjudging the defendant guilty of the charges therein alleged against him. The plaintiff asked the court to rule that this judgment was conclusive evidence that the conveyances set forth in the former case as fraudulent, and upon which the defendant was then convicted, were fraudulent as alleged.

We are of opinion that the court erred in refusing this ruling. When a fact has once been put in issue and determined by a final judgment in the course of a judicial proceeding, such judgment is conclusive evidence of the existence of the fact in all controversies between the same parties in which it is material. It is to be regarded as a fixed fact between the parties for all purposes. *Burlen* v. *Shannon*, 99 Mass. 200, and cases cited. *Commonwealth* v. *Evans*, 101 Mass. 25. *Dennis's case*, 110 Mass. 18.

By the former judgment offered in this case, therefore, the facts determined by it were conclusively fixed between these parties and cannot again be litigated. The fact that the issue

determined in the former case is not the direct and main issue involved in this, is not material. The same reasons for denying to a party the right to impeach the correctness of a former decision apply in the case where the fact established by it is relied upon as collaterally important and material, as in the case where such fact is the direct issue involved. In this case it is against the policy of the law to allow an issue, which has once been tried and determined, to be litigated anew.

We have considered merely the question raised by the bill of exceptions. We have assumed, though it does not distinctly appear, that the proceedings in the two cases were independent proceedings upon different debts of the plaintiff.

If, in fact, these were proceedings upon the same debt, and the defendant, after having been once found guilty of fraud, applied a second time to a magistrate to take the oath, very different questions arise. In such case, as the proceedings were prior to the statute of 1872, *c.* 281, the magistrate had no jurisdiction to administer the oath, and the whole proceedings were *coram non judice* and irregular. *Dennis's case, ubi supra.*

*Exceptions sustained.*