EDWIN J. HORTON & others *vs.* HERMAN WEINER.

Bristol.  Jan. 22. — Feb. 28, 1878.  ENDICOTT & SOULE, JJ., absent.

Under the Gen. Sts. *c.* 124; § 31, charges of fraud may be filed, when a person ar
rested on mesne process applies to take the oath for the relief of poor debtors.

At a trial, under the Gen. Sts. *c.* 124, §§ 31–34, of a charge that the defendant pur-
chased goods from the plaintiff with an intention not to pay for the same, if
there is evidence of a general scheme of fraud on his part, evidence of other pur-
chases of goods made by the defendant of other persons at about the same time,
as well after as before; the schedules of his creditors and assets subsequently filed
in bankruptcy, and the testimony of his assignee that there were no assets; and a
statement made by him to a creditor that on a certain day he would pay all his
creditors in full, on which day a meeting of his creditors was called, are admissible.

At a trial under the Gen. Sts. *c.* 124, §§ 31–34, of a charge that the defendant, who
was arrested on mesne process, contracted a debt due the plaintiff with an inten-
tion not to pay the same, the plaintiff must prove that the debt was contracted as
alleged.

MORTON, J.  The defendant was arrested upon mesne process,
and thereupon made application to take the oath for the relief
of poor debtors under the Gen. Sts. *c.* 124.  The creditors filed
charges of fraud.  Upon a hearing, the magistrate adjudged the
debtor to be guilty of the charges, and he appealed to the Supe-
rior Court.  That court sustained the defendant's objection to
the sufficiency of one of the charges filed before the magistrate,
and he was tried only upon the charge that he contracted the
debts due the plaintiffs with an intention not to pay the same.
Gen. Sts. *c.* 124, § 5, *cl.* 5.

The defendant moved to dismiss the proceedings, upon the
ground that the statute does not allow charges of fraud to be
filed when a defendant, who applies to take the oath, is arrested
on mesne process.  The court rightly overruled this motion.
The right to file charges of fraud is conferred by the Gen. Sts.
*c.* 124, § 31, which provides in substance that the " plaintiff or
creditor," at any time pending the examination of the " defend-
ant or debtor" who has given notice of his desire to take the
oath for the relief of poor debtors, may file such charges in writ-
ing, under oath, to which the defendant or debtor may plead
that he is guilty or not guilty, and the magistrate may there-
upon hear and determine the same.  It is clear that these pro-
visions were intended to include defendants who are arrested on

mesne process as well as judgment debtors arrested on execution. They are reënactments of the provisions of the St. of 1857, c. 141. That statute provided in direct terms, in regard to defendants arrested on mesne process, that " if the defendant desires to take the oath for the relief of poor debtors, the same proceedings shall be had, and the same charges of fraud may be filed as is herein provided in cases of arrest on execution." § 18.

It is plain, from the Commissioners' Report, that it was not the purpose of the General Statutes to make any change of this provision. The express provision of the St. of 1857 was omitted, because it was unnecessary, as the language of § 31, by necessary construction, includes cases of defendants arrested on mesne process. Throughout this chapter of the General Statutes, in those sections which are intended to apply solely to arrests on execution, the parties are described as the creditor and the debtor ; in those which apply solely to arrests on mesne process, the parties are described as plaintiff and defendant ; while in those which apply to both, the language uniformly used is the plaintiff or creditor and the defendant or debtor. The use of the same language in § 31 shows beyond a doubt that it was intended to apply both to cases of arrest on mesne process and on execution.

Several exceptions were taken in the course of the trial which remain to be considered.

The plaintiffs were allowed to put in evidence of several purchases of goods made by the defendant of other parties, not far from the time he purchased of the plaintiffs, to which the defendant excepted. It does not appear that any of these purchases were made after the last purchase from the plaintiffs. If made before, they were competent to show the amount of the defendant's indebtedness when he purchased of the plaintiffs. But if made afterwards, yet those transactions with other parties were admissible, if they were parts of a general scheme of fraud, of which the purchases of the plaintiffs were also a part. *Jordan* v. *Osgood*, 109 Mass. 457. *Stockwell* v. *Silloway*, 113 Mass. 384. The plaintiffs contended that there was such a general scheme of fraud, and there was evidence tending to show it. The defendant's exception to this evidence, therefore, cannot be sustained.

The defendant's schedules of his creditors and assets filed in bankruptcy in March, 1876, and the testimony of his assignee that there were no assets, were admissible. Aided by the other evidence, they tended to show that he had purchased large amounts of goods within the preceding ten months which were not accounted for; and they thus had a tendency to show his fraudulent purpose in the purchases of the plaintiffs and others.

The false representations made by the defendant to John A. Platt in December, 1875, that he would pay all his creditors in full on a certain day in the ensuing week, on which day Platt received a note from the defendant's attorney calling a meeting of the defendant's creditors, were competent to go to the jury to show a fraudulent purpose.

The original action, in which the defendant was arrested, was upon promissory notes alleged to be signed by the defendant; and the only other exception which the defendant insists upon is thus stated in the bill of exceptions : " The plaintiffs offered evidence to prove the execution of the notes by the defendant. To this the defendant objected on the ground that, on the issue of guilty or not guilty of the charge, the question of actual indebtedness could not be tried, but could be tried only in the original suit then pending."

Charges of fraud, when duly filed, are to " be considered in the nature of a suit at law." The plaintiff or creditor must prove all the facts necessary to sustain the charge alleged by him. In this case, the only charge on trial was that the defendant had contracted the debts with an intention not to pay the same. It is impossible to prove this charge without showing that the debts were contracted. In other words, proof of the debts is necessarily involved in proof of the charge, and the court properly ruled that the plaintiffs might and must prove that the debts were contracted. *Exceptions overruled.*

*J. Brown*, for the defendant.

*T. M. Stetson & S. M. Thomas*, for the plaintiffs.