ANNA W. SCHENCK, administratrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.   December 7, 1910. — January 5, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Appeal, Discontinuance.   *Police, District and Municipal Courts.*

The defendant in an action brought in a municipal court appealed to the Superior
Court from a judgment for the plaintiff, and then failed to enter his appeal in
the Superior Court   The plaintiff failed for more than a year to file under
R. L. c. 157, §§ 22, 23, a complaint for an affirmation of the judgment of the
municipal court.   *Held*, that the right of the plaintiff to discontinue his action
was the same after the appeal as before, and that his failure seasonably to make
a complaint for an affirmation of the judgment was such a discontinuance.

KNOWLTON, C. J.   The plaintiff brought an action in the
Municipal Court of the City of Boston and obtained a judgment
against the defendant.   From this judgment the defendant ap-
pealed to the Superior Court, but by an oversight failed to enter
its appeal.   By a like oversight the plaintiff failed to file a com-
plaint for the affirmation of the judgment until after the expira-
tion of a year from the time when the appeal should have been
entered.   An application for leave to enter such a complaint,
filed later, having been denied, the plaintiff brought the present
action.†   The defendant answered, setting up the former proceed-
ings, and the plaintiff demurred to this answer.   The plaintiff
having afterwards obtained a verdict, the case is before us upon

---

\* The case was tried before *Stevens*, J.

† An action of tort for personal injuries, being for the same cause of
action for which the first action was brought.

the defendant's exception to an order * sustaining the demurrer to this answer.

The provisions of the R. L. c. 157, §§ 22, 23, permitting an entry of an appeal or a complaint for an affirmation of a judgment, by leave of court, within a year after the appeal should have been entered and not later, contain a strong implication that a remedy must be sought in this way, if either party, after an appeal, desires to have the case go to judgment. The appeal vacates the judgment, and the statute indicates that, unless the appeal is entered and prosecuted, a complaint must be entered to obtain an affirmation of the judgment, if any effect is to be given to the decision in the lower court. The decisions have settled the law accordingly. *Campbell* v. *Howard*, 5 Mass. 376. *Ewer* v. *Beard*, 3 Pick. 64. *Ball* v. *Burke*, 11 Cush. 80, 82. *Rice* v. *Nickerson*, 4 Allen, 66, 68. *Wells* v. *Stevens*, 2 Gray, 115.

The right of a plaintiff to discontinue his action is the same after an appeal as before. *Derick* v. *Taylor*, 171 Mass. 144. *Carpenter & Sons Co.* v. *New York, New Haven, & Hartford Railroad*, 184 Mass. 98.

The appeal having vacated the judgment in the former action and no further effectual prosecution of that action having followed, it is as if the former action had never been brought. The plaintiff's failure seasonably to make a complaint for an affirmation of the judgment was a discontinuance of the action. No final judgment having been entered in the case, it is not a bar to the present action. See *Curtiss* v. *Beardsley*, 15 Conn. 518.

*Exceptions overruled.*

*C. S. French*, for the defendant.
*H. E. Perkins*, for the plaintiff.

---

* Made by *Richardson, J.*