Wilson, J.
This is an action of contract brought in the Second District Court of Eastern Middlesex upon a recognizance given under G. L. (Ter. Ed.) c. 224, §19, upon an appeal from a finding of guilt and sentence under the provisions of said section.
*79 The report does not set forth the answer of the defendants, although the docket entries show that answers were filed as to them all.
From the report and the briefs of the parties, however, it seems clear that the issues raised at the trial and now presented for our decision are:
(1) Whether the recognizance itself was sufficient to impose any obligation upon the defendants.
(2;) Whether there was a sufficient compliance with the recognizance by the principal obligor.
(3) Whether any act of the creditor constituted a waiver of its rights to enforce said recognizance.
The trial judge, in his Memorandum of Decision, has considered also the question of appeal from the decision of the District Court in proceedings under said §19.
The right of appeal to the Superior Court from a finding of guilt under said section is expressly reserved by Statute 1927, c. 334, §2. See also G. L. (Ter. Ed.) c. 231, §97. And there is nothing in G. L. (Ter. Ed.) c. 231, §§103 to 110, which deprives a party of such an appeal.
For a discussion of various cases, where the right of appeal still remains from a District Court to the Superior Court, see Donnelly v. Montague, Mass. Adv. Sh. (1940) 21.
The action now before us, however, is an action of contract upon a recognizance, and, as the Commonwealth is not a party (see. G. L. c. 224, §8), it could have been brought in any District Court, or the Superior Court in the county having jurisdiction of the parties. (See Curtice v. Bothamly, 8 Allen 336, 337.) The plaintiff having elected to bring it in the District Court, and the defendants not having exercised their right of removal to the Superior Court, as provided in said c. 231, §§103 to 108, inclusive, the case is governed by the procedure there prescribed.
*80 No question as to the form of the declaration appears to have been raised and we must, therefore, assume, it was not an issue. Nor does any failure to comply with the provisions of the Statute of Frauds, G. L. (Ter. Ed.) c. 259, appear to have been an issue at the trial.
To enable the defendant, who is found guilty of charges alleged against him under G. L. (Ter. Ed.) c. 224, §19, to appeal to the Superior Court, he must recognize with sufficient sureties to enter and prosecute his appeal, to file therewith a copy of all the proceedings on said charges, to pay all costs if the judgment is not reversed, and that, if final judgment is against him, he will, within thirty days thereafter, surrender himself to be taken on execution and abide by the order of the court, or pay to the plaintiff or creditor the amount due him upon the claim or execution as the case may be.
The recognizance in the instant case provided that the plaintiff “shall personally appear before the Superior Court ... on the first Monday of March 1938, at nine o ’clock in the forenoon ... to answer to such matters and things as shall be objected against him by Auto Owners Finance Co. Inc. but more especially to a complaint against him for charges of fraud under Chapter 224, Section 19 of the Gr. L. and shall do and receive that which by said Court shall be enjoined upon him and also shall in like manner personally appear at any subsequent time or term of said Court to which case may be continued, unless previously surrendered or discharged and so from time to time until the final decree, sentence or order or decree, and not depart without leave, or pay to the creditor or plaintiff Auto Owners Finance Co. Inc., the amount due on the claim or execution as the ease may be . . . ” The sum of the recognizance was $500.00.
*81 A recognizance has been defined as “an acknowledgment in Court by the recognizor that he is bound to make a certain payment unless a specified condition is performed.” Am. Law Inst. Restatement of Law of Contracts, §9.
And our court, in Warner v. Howard, 121 Mass. 82, 84, has approved a definition in the following language:
“A recognizance is an obligation of record, entered into before a court or magistrate duly authorized for that purpose, with a condition to do some act, required by law, which is therein specified. 2 Bl. Com. 341. And it is said by Mr. Dane, ‘Our recognizance is taken in court or before a magistrate, and is a contract voluntarily entered into in a certain sum attested by the clerk or magistrate.’ 5 Dane Ab. 277.”
And it has been said to be “a short memorandum on the record made by the court, judge or magistrate having authority, which need not be signed by the party.” Bouvier Law Dictionary.
The language of the recognizance in the instant case differs from that required by the provisions of said c. 224, §19, more particularly in that it did not in the words of said §19 require the principal recognizer to “enter and prosecute his appeal, to file therewith a copy of all proceedings on said charges.”
A variation from the phraseology of the statute has been held not to invalidate the recognizance. Shaw v. McIntier, 5 Allen 423, 425. Pray v. Wasdell, 146 Mass., 324, 328. Martin v. Campbell, 120 Mass. 126. Gilmore v. Edmunds, 7 Allen 360. But the recognizance in the instance case does in terms refer to the statute under which it purports to be given.
In Dike v. Story, 7 Allen, 349, a recognizance wherein the debtor became obligated “to deliver himself for examination, giving notice in the manner required in and by the 124th chapter of the General Statutes”, was held to be sufficient.
*82 We are of opinion that the recognizance in the instant case was sufficient to hind the principal and his sureties to do all things required by said §19.
It follows that the failure of the principal recognizor to enter and prosecute his appeal was a breach of the recognizance.
The appeal provided for by said c. 224, §19, is to be taken “in the same manner as from a judgment of a district court in civil actions.” (See Morse v. Dayton, 125 Mass. 47). In case of failure to enter an appeal from a judgment of a district court in a civil action, it is provided in G. L. (Ter. Ed.) c. 212, §§12, 13, that the court may “upon complaint of the appellee, affirm the former judgment or render such other judgment as law and justice require. ’ ’
‘ ‘ The appeal vacates the judgment, and the statute indicates that unless the appeal is entered and prosecuted, a complaint must be entered to obtain an affirmation of the judgment, if any effect is to be given to the decision of the lower court.” Schenck v. Boston Elevated Railway, 207 Mass. 437, 438, and cases cited. See also Morse v. Dayton, 125 Mass. 47. Clatur v. Donegan, 126 Mass. 28. Restuccia v. Bonner, 287 Mass. 592, 593.
Although a finding of guilty on “charges of fraud” formerly deprived the debtor of the benefit of the oath for the relief of poor debtors (Dermis’s Case, 110 Mass. 18), the creditor is not now precluded from further procedure under G. L. (Ter. Ed.) c. 224, but the proceeding for the examination of the debtor may be continued to enable him to appear.
The recognizance given by the debtor was in the alternative. He was to ‘ ‘ surrender himself to be taken on execution and abide the order of the court or pay to the plaintiff or creditor the amount due him upon the claim or execution as the case may be.”
*83 In a sense the recognizances could be said to be an. independent security which the law gives the creditor when the debtor appeals. Curtice v. Bothamly, 8 Allen 336, 338.
The recognizance in the case at bar provided for the entering of his appeal by the debtor on the first Monday of March, 1938. On March 12, 1938, the creditor filed in the District Court from which the appeal was taken, a motion to dismiss the appeal. This motion was continued from time to time until May 4, 1938, when the motion to dismiss the appeal was allowed and the debtor committed to jail for fifteen days. On May 7, 1938, the debtor was in court on a writ of habeas corpus and the remainder of the sentence was revoked and the ease placed on file.
The District Court was without jurisdiction to commit the debtor upon the finding of guilt previously made and appealed from. Its judgment and sentence was vacated by the debtor’s appeal. The proceeding under which he was committed was instituted by the creditor’s motion.
It was said in Jordan Marsh Company v. Collins, 254 Mass., 356:
“In poor debtor proceedings the creditor has control of the process to enforce payment of his debt and may waive the condition of the recognizance thereby discharging the surety.” >
The creditor could have then brought an action upon the recognizance. It elected to proceed by having the debtor imprisoned. That action, even though it brought about the unlawful commitment of the debtor, constituted a waiver of the right to proceed by an action at law upon the recognizance. It produced the same result as if the debtor in conforming to the provisions of the recognizance had “surrendered himself to be taken on execution.” The debtor having been once committed for the offence of which he was found guilty upon the charges of fraud, cannot be *84 again committed. The purposes for which the charges were originally made have been accomplished, namely, the punishment of the debtor.
There was, nevertheless, a technical breach of the recog nizanee, and we are of opinion that the finding for the defendant should be vacated and judgment should ¡be entered for the plaintiff for nominal damages only. See G. L. (Ter. Ed.) c. 224, §8. Nelson v. Sanderson, 285 Mass. 583. Hopwood v. Smith, 170 Mass. 428.
When numerous requests are filed in a case like the present, a party may expect adequate consideration of them but not detailed discussion in an opinion. Hietala v. Boston and Albany Railroad, Mass. Adv. Sh. (1936) 1591, 1599.
The finding for the defendant is vacated and a finding for the plaintiff in the sum of one dollar will be entered.