## John Mowry's Case.

A debtor was arrested under Gen. Sts. c. 124, on an execution for debt in a civil action, and upon his application to take the poor debtors' oath, charges of fraud were filed against him, and it having been adjudged that he had not any estate to the amount of twenty dollars except what was by law exempt from being taken on execution, but that he had been guilty of a fraudulent conveyance of a part of his estate, the oath was refused him, and he was sentenced to imprisonment and appealed and recognized to prosecute the appeal, but was afterwards rearrested upon the same execution; upon his application for a writ of *habeas corpus, held,* that he was not liable to arrest upon the execution while his appeal was pending.

HABEAS CORPUS. The petitioner was arrested on an execution for debt in a civil action, upon affidavit that he had property not exempt from being taken on execution, which he did not intend to apply to the payment of the plaintiff's claim; and duly applied to a magistrate to be admitted to take the poor debtors' oath. Pending his examination, the creditor filed charges of fraud against him for fraudulently conveying, concealing and otherwise disposing of some part of his estate with a design to secure the same to his own use, and to defraud his creditors; to which charges the debtor pleaded not guilty. The magistrate adjudged that he had not any estate, real or personal, to the amount of twenty dollars, except such as was by law exempt from being taken on execution; but that, since the debt was contracted, and the cause of action accrued upon which he was arrested, he had fraudulently conveyed a part of his estate, as charged in the specifications filed against him, and was therefore guilty of the fraud charged; and sentenced him to imprisonment in jail for thirty days. From that sentence he appealed to the Superior Court, and duly entered into a recognizance to prosecute his appeal. The magistrate also refused to administer to him the poor debtors' oath. The debtor, after his sentence and appeal as aforesaid, was again arrested and committed, by virtue of the execution and the certificate of the magistrate thereto annexed.

Upon a full hearing before *Gray*, C. J., he was of opinion that the debtor was entitled to be discharged upon a writ of *habeas corpus;* but at the request of the creditor, he reserved that question for the determination of the full court, who were to render such order or judgment as law and justice might require.

*W. S. B. Hopkins*, for the creditor.

*D. Aiken*, for the debtor.

GRAY, C. J. The question in this case depends upon the construction to be given to the somewhat complicated provisions of the 124th chapter of the General Statutes, and can hardly be made intelligible without stating the substance of the sections which bear upon it.

By § 5, no person can be arrested on execution for debt in an action of contract, without an affidavit in behalf of the creditor, and proof to the satisfaction of a magistrate, either, 1st. "That the debtor has property not exempt from being taken on execution, which he does not intend to apply to the payment of the plaintiff's claim;" or, 2d. "That since the debt was contracted, or the cause of action accrued, the debtor has fraudulently conveyed, concealed or otherwise disposed of some part of his estate, with a design to secure the same to his own use or defraud his creditors;" or, 3d, has lost property in unlawful gaming; or, 4th, has wilfully expended and misused his goods or estate, for the purpose of enabling himself to swear that he has not any estate to the amount of twenty dollars except such as is exempt from being taken on execution; or, 5th, contracted the debt with an intention not to pay the same; or, 6th, being an attorney at law, unreasonably neglects to pay money collected by him for the creditor.

By §§ 21, 22, in order to entitle the debtor to be admitted by a magistrate to take the poor debtors' oath, and to be thereupon discharged and exempted from arrest on the same execution, the debtor must swear, and the magistrate must be satisfied and certify, that the debtor has not any estate, real or personal, to the amount of twenty dollars, except the estate, goods or chattels, which are by law exempt from being taken on execution; and that he has not any other estate now conveyed, or concealed, or in any way disposed of, with the design to secure the same to his own use or to defraud his creditors.

But if any one of the charges named in § 5, except the first, is made, either as therein provided by affidavit on the execution, or in writing upon oath pending the examination of the debtor, and he pleads not guilty thereto, the judgment of the magistrate upon such charges is not conclusive, but either party may appeal to the Superior Court, and have a trial thereon by a jury. §§ 31, 32. If the debtor is the appellant, he must recognize with sufficient sureties not only to prosecute his appeal, but that if final judgment is against him, he will within thirty days thereafter "surrender himself to be taken on execution and abide the

order of the court, or pay to the plaintiff or creditor the whole amount of the original judgment against him." § 33.  If the debtor, after charges of fraud have been made or filed against him, makes default at any time appointed for the hearing, or, upon trial thereon before the magistrate, or the Superior Court on appeal, is found guilty of any of them, "he shall have no benefit from the proceedings under this chapter," and may be sentenced to imprisonment in the house of correction for a year or in the jail for six months.  § 34.

By § 17, the magistrate, pending the examination of the debtor on his application to take the oath, may accept his recognizance with surety to appear at the time fixed for his examination, and from time to time till it is concluded, and to abide the final order of the magistrate thereon ; but "no recognizance under this chapter, except in case of appeal under § 33, shall be accepted at any time after the oath has been once refused to the debtor."

The charges of fraud, when made by the creditor, are set up by way of answer to the debtor's own application to be admitted to take the poor debtors' oath, and are tried and determined in the first instance by the magistrate, in connection with that application.  *Stockwell* v. *Silloway*, 100 Mass. 287, and 105 Mass. 517. But there is a material difference, between the two branches of the hearing, in the ulterior proceedings and the final consequences.   The simple issue, whether the debtor has in his possession property not exempt by law from being taken on execution, is in all cases summarily and conclusively decided by the magistrate ; and if no charges of fraud are made by the creditor, the question whether the debtor has any other property conveyed or concealed or in any way disposed of, with the design to secure the same to his own use or to defraud his creditors, may be decided in the same way.   *Hayward, petitioner*, 10 Pick. 358. *Russell* v. *Goodrich*, 8 Allen, 150.   But if the creditor elects to make a distinct charge of fraud against the debtor, either for so conveying or concealing or disposing of his estate, or for doing either of the other acts subsequently enumerated in § 5, upon conviction of which the debtor is not only deprived of any ben-

efit of the oath if administered to him by the magistrate, but may also be sentenced to imprisonment by way of punishment, then, upon the facts involved in that issue, neither party is concluded by the determination of the inferior magistrate, but each has the right to the verdict of a jury in the higher court.

Under the similar provisions of the Revised Statutes it was held that if the magistrate decided in favor of the debtor and the creditor appealed from his decision upon the charges of fraud, the debtor could not be imprisoned pending the appeal; and one reason assigned by the court for so holding was that the opposite construction would occasion an extended imprisonment of the debtor, continuing perhaps for years, until the final determination of the case in an appellate court. *Ingersoll* v. *Strong*, 9 Met. 447. *Collamore* v. *Fernald*, 3 Gray, 318.

If the magistrate refuses to admit the debtor to the oath, upon the ground that he has property in his possession not exempt from being taken on execution, and also finds against him on the charges of fraud, and the debtor appeals, he is not entitled to be at large pending the appeal, because upon the question whether he has property in his possession the decision of the magistrate is final, and is of itself a sufficient reason for refusing him the oath and detaining him in custody, whatever may be the decision, either of the magistrate, or in the appellate court, upon the charges of fraud. *Fletcher* v. *Bartlett*, 10 Gray, 491.

In the present case, the magistrate, as appears both by his record of the case, and by his certificate upon the execution, has decided the first issue, and the only issue which is within his final and exclusive jurisdiction, in favor of the debtor. On hearing and determining, " in connection," as his record states and the statute requires, " with the examination of the debtor on his application to take the oath," of the issue made upon the charges of fraudulently conveying, concealing and disposing of part of his property with intent to secure the same to his own use and to defraud his creditors, the magistrate has further found him guilty of so fraudulently conveying part of his property, and not guilty of the residue of the charges of fraud; and, as appears by the certificate made at the same time on the execution, refused him

the oath, solely because he had property so conveyed, concealed or disposed of, which, taking that certificate in connection with the record, can only mean property conveyed away as specified in that charge on which alone the magistrate found him guilty. It further appears by the record that the creditor took no appeal; but that the debtor did appeal to the Superior Court from the decision of the magistrate finding him guilty of fraud, and entered into the recognizance required by the statute upon such an appeal.

If, upon the trial in the Superior Court, the issue shall be found and decided in favor of the debtor, he will be thereby adjudged not to have made a fraudulent conveyance of his property with design to secure the same to his own use or to defraud his creditors, and, by necessary implication, not to have any property so conveyed — which would be a conclusive adjudication between the debtor and the creditor, in the higher court, of the only issue which had been found against the debtor in the lower one.

Under the provisions of the Gen. Sts. c. 124, §§ 31–34, the judgment in the Superior Court upon charges of fraud was equally conclusive upon the parties, whether it was in the debtor's favor or against him. In *Dennis's case*, 110 Mass. 18, it was decided that such a judgment against the debtor was a conclusive adjudication of his guilt, and a bar to any new application by him to be admitted to take the poor debtors' oath. The St. of 1872, c. 281, passed since that decision, amends § 34 of the Gen. Sts. c. 124, by adding a proviso that " the defendant, or debtor, after the expiration of any sentence, may renew his application for the oath for the relief of poor debtors, as though he had not been found guilty and sentenced." But that statute merely enlarges the privileges of a debtor who has been found guilty and served out his sentence.

While the proceedings upon charges of fraud are still pending, or after they have resulted in a judgment in favor of the debtor, the case is governed by the provisions of the General Statutes. The magistrate, having once heard and decided the case, has no further jurisdiction thereof. *Russell* v. *Goodrich*, 8 Allen, 150.

The statutes make no provision for administering the poor debt-
ors' oath in the Superior Court, nor for a new application by the
debtor to a magistrate to be admitted to take the oath after a
judgment in his favor in that court; and such an application
would be the merest matter of form, and could serve no purpose
except to enable the debtor to plead before the magistrate the
conclusive adjudication of the higher court, in the same matter,
upon the only point which had not been already determined by
the magistrate in favor of the debtor. *Lex non præcipit inutilia.*
When the issue involved in the charges of fraud has been decided
in the debtor's favor upon a trial between the parties in the Su-
perior Court, it must be deemed to be conclusively settled, and
to supersede to that extent the necessity of administering the
poor debtors' oath.

The recognizance required by § 33, and the only recognizance
which § 17 allows to be accepted after the debtor has been re-
fused the oath, obliges the debtor not only to prosecute his ap-
peal, but also, if the final judgment is against him, to "surrender
himself to be taken on execution and abide the order of the
court," or pay the whole amount of the original judgment upon
which the execution was issued. An imprisonment of the debtor
pending the appeal is not requisite to secure any just rights of
the creditor; for if the debtor shall obtain in the appellate court
an acquittal from the charges of fraud, which is a conclusive dis-
proof of the facts alleged in those charges, those facts can no
longer be asserted by way of justifying his imprisonment in any
manner by virtue of the execution; and if he shall be found
guilty of any of the frauds charged, the statute declares that
"he shall have no benefit from the proceedings under this chap-
ter," and the very terms of his recognizance will require him,
unless he pays the debt in full, to surrender himself to be taken
on execution, as well as to abide the order of the court sentenc-
ing him to imprisonment by way of punishment, and clearly im-
ply that he is to go at large until he so surrenders himself. The
opposite construction would subject the debtor to the inconven-
ience, not to say oppression, pointed out in *Ingersoll* v. *Strong*
above cited. It would be an anomaly in the law, not to be in-

ferred without the clearest manifestation of the intention of the Legislature, to hold that upon an appeal in any case, civil or criminal, accompanied by a recognizance sufficient to protect the rights of the adverse party and the interests of the public, to abide the judgment of the court appealed to; and where that judgment, if in the appellant's favor, would necessarily cover the only issue which had been found against him by the tribunal appealed from; he should notwithstanding be liable to be imprisoned pending his appeal.

Much reliance was placed by the learned counsel for the creditor upon the parenthetical clause inserted in the Gen. Sts. c. 124, § 26. The whole section, as it now stands upon the statute book, is in these words: "If the debtor arrested on execution and taken before the magistrate does not desire to take the oath for the relief of poor debtors, or fails to procure surety or sureties to the satisfaction of the magistrate as before provided, or if upon his examination said oath is refused to him, of which refusal a certificate shall be annexed to the execution and signed by the magistrate, he shall be conveyed to jail, and there kept until he has recognized as herein provided, (if the oath for the relief of poor debtors has not been refused him,) or the execution is satisfied, or until he is released by the creditor, or has given notice as before provided and taken the oath for the relief of poor debtors."

If the clause contained in the parenthesis had not been here inserted, this section would have been an exact reënactment of § 11 of the St. of 1857, c. 141, and would necessarily imply that a debtor arrested on execution, and refused the poor debtors' oath, should, upon entering into the appropriate recognizance on appealing from the judgment of the magistrate on charges of fraud — which by the provision of § 17, already quoted, and equivalent to the final proviso of § 10 in the St. of 1857, is the only recognizance which the statute allows to be taken from a debtor after the oath has been refused to him — be discharged from imprisonment; leaving his liability to be recommitted to depend upon the other sections of the statute, upon which we have already commented. It may also be observed, as tending to con-

firm this construction, that in the St. of 1857 the section in question was immediately followed by §§ 12–15, relating to the proceedings, and among them the recognizance, upon charges of fraud — being the sections which are substantially reënacted in the Gen. Sts. c. 124, §§ 31–34.

The parenthetical clause relied on by the creditor was inserted in § 26 by the Commissioners on the General Statutes, who give in their report no reason for its insertion. But that they did not intend in any respect to abridge the rights or privileges of a debtor charged with fraud is apparent from the note to § 32 in their report, which is § 34 in the General Statutes as passed by the legislature. And a further comparison of the provisions of c. 124 of the Gen. Sts. with those of the St. of 1857, c. 141, corroborates the inference that this clause cannot be allowed the effect for which the creditor contends.

A similar parenthetical clause is found in the section — now the next preceding, but placed in a subsequent part of the St. of 1857 — relating to debtors arrested on mesne process and held in custody for the purpose of being taken on execution. Gen. Sts. c. 124, § 25. St. 1857, c. 141, § 21. But the clause, as inserted in the Gen. Sts. c. 124, § 25, was evidently intended as a condensed expression of the proviso at the end of the St. of 1857, c. 141, § 21, that " no recognizance of the defendant, except to prosecute his appeal as provided in § 14," (which corresponds to the Gen. Sts. c. 124, § 33,) " shall be taken after the oath for the relief of poor debtors shall have been refused him." It would seem that the Commissioners, when revising § 25, considered that the exception of a recognizance to prosecute an appeal from a decision on charges of fraud was already sufficiently declared in § 17 ; and that the parenthetical clause in § 25, as well as in § 26, must be construed as subject to that exception. To allow this clause a more sweeping effect in § 26 would be to make the Commissioners and the Legislature say of a poor debtor arrested on execution, that " if upon his examination said oath is refused to him," he shall be imprisoned " until he has recognized as herein provided, if the oath for the relief of poor debtors has not been refused him ; " and thus create such an inconsistency

in the statute as would lead to the rejection of the last clause as repugnant to the rest of the section and added by inadvertence. *Sullivan* v. *Adams*, 3 Gray, 476.

Upon a review of all the provisions of the statute, we are satisfied that the reasonable conclusion in this case is that the debtor, having obtained a decision of the magistrate in his favor upon the only issue which was within his final jurisdiction, and having duly claimed the right, allowed him by the law, of appealing to the Superior Court upon the issue whether he had made a fraudulent conveyance of his property, and having entered into the recognizance required upon such an appeal, cannot be again imprisoned before the final determination of the case in the Superior Court.                    *Prisoner discharged.*