## FRANCIS W. ANDERSON & another *vs.* HENRY O. EDWARDS.

Hampshire. Sept. 18. — Oct. 1. 1877. ENDICOTT & LORD, JJ., absent.

Charges of fraud under the Gen. Sts. c. 124, §§ 31–34, against a person applying to take the oath for the relief of poor debtors, are in the nature of civil proceedings, and need not be proved beyond a reasonable doubt; and the debtor and his wife may, under the St. of 1870, c. 393, be called as witnesses by the creditor.

Books of account of a bank, supported by the oaths of its treasurer and the clerk who made the entries therein, identifying the books, although they had no personal recollection of the facts, are admissible in evidence, to prove an account therein.

At the trial of charges of fraud under the Gen. Sts. c. 124, §§ 31–34, the alleged fraud being that the debtor had bought land and had caused it to be conveyed to his wife in fraud of his creditors, if it appears that a part of the consideration was

procured by means of a mortgage, to a third person by the debtor and his wife, given to secure the debtor's sole note which it was contended that he afterwards paid, the mortgage is admissible in evidence.

APPEAL from a judgment of not guilty rendered by a trial justice, upon charges of fraud filed by judgment creditors against a debtor at his examination upon his application to take the oath for the relief of poor debtors.

One of the charges of fraud was as follows : " That, since the debt was contracted on which F. W. Anderson and another obtained their judgment and execution, the said Edwards has fraudulently conveyed, concealed and otherwise disposed of his estate or some part thereof with a design to secure the same to his own use and to defraud his creditors."

Under this charge, the creditors filed the following specifications: " 1. That said Edwards on or about April 1, 1872, purchased of one Graves a house and land situate on Union Street, in Northampton, in the name of his wife, for the sum of $3200; and the whole or greater part of the price paid for said house and land was money furnished by said Edwards and kept and deposited in the name of his wife, and given by him to his wife until the same was paid to the vendor of said house and land. 2d. That between said April 1872 and April 1875, but at what precise time these creditors cannot more particularly specify, the said Edwards placed and deposited in the custody and name of his wife, but for his own use, the sum of $1600, with which to redeem a mortgage outstanding on said house and lands, given in his wife's name; and said money was so paid to said Edwards's use."

Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions in substance as follows :

The creditors' judgments were recovered in actions upon two promissory notes of the debtor dated February 14, 1874, and May 16, 1874, made payable to C. F. Simonds or order, indorsed to the creditors, and given in renewals of other notes, the earliest of which were made in 1865 or 1866. The house and land referred to in the charges of fraud were purchased of one Graves, for the sum of $3200, and conveyed by him, on March 1, 1872, to Elizabeth H. Edwards, the debtor's wife, who on March 4, 1872, the debtor joining in the deed, mortgaged the land and

house to one Curtis to secure the payment of the debtor's sole note of $1600, payable in five years from March 4, 1872. On the purchase of the land and house, Graves was paid $3200 in cash, $1600 of which sum was procured of Curtis by means of the mortgage. The mortgage was discharged after the payment of the defendant's note of $1600, on September 10, 1874; and from the time of the purchase the debtor occupied the house with his family as a homestead.

The questions of fact were, whether the defendant purchased the land and house and paid the price of them, by his moneys, and procured the conveyance of them to his wife, in fraud of creditors, or whether the house and land were purchased by the defendant's wife, and paid for by moneys which were her sole and separate property, earned and received in gifts, and accumulated by her before and during her married life, with the defendant, of nineteen years.

The creditors were allowed, against the debtor's objection, to call the debtor and his wife, Elizabeth H. Edwards, and to examine them in relation to the matters in controversy.

The creditors were allowed to put in evidence, against the objection of the debtor, the ledger, and books of original entries of the Hampshire Savings Bank, showing therein entries of the dates of deposits, and the sums deposited to the credit of Elizabeth H. Edwards, in the bank, and the dates and amounts of her drawing and receiving money therefrom between August 1872, and May 16, 1873, and also the evidence of the treasurer and clerk of the bank, identifying such ledger and books as the books of the bank, neither the treasurer nor clerk making the entries being able, by means of the books, to recall the facts of such dates or entries, as matters of personal memory. The entries tended to contradict the evidence of the defendant and his wife, on their examination by the plaintiffs in relation to transactions in deposits and drafts of money on account of Elizabeth H. Edwards with the bank.

The mortgage of Elizabeth H. Edwards to Curtis, was permitted by the judge to be put in evidence against the objection of the defendant.

The debtor requested the judge to rule, that the burden of proof was on the creditors to prove the alleged fraud of the

debtor beyond a reasonable doubt, but the judge refused so to rule, and instructed the jury that they might find the defendant guilty upon any of the alleged acts of fraud on trial, which in their judgment were supported by a clear preponderance of evidence.

The judge gave instructions to the jury, upon the right of a husband to make gifts of property to his wife, or investments of property in her name or for her benefit, and the circumstances affecting his indebtedness and creditors, in which such gifts or investments were lawful and justifiable, and to these instructions no exception was taken.

The jury returned a verdict of guilty; and the debtor alleged exceptions.

*W. G. Bassett*, for the debtor.

*C. Delano*, (*J. C. Hammond* with him,) for the creditors.

MORTON, J. Proceedings under the Gen. Sts. *c.* 124, for the relief of poor debtors arrested on mesne process or execution, are essentially in their nature civil proceedings. They are instituted by the debtor to obtain his discharge from imprisonment for debt; they are cognizable only by courts of civil jurisdiction; *Parker* v. *Page*, 4 Gray, 533; and, like other civil actions, they are at all stages of the proceedings under the control of the parties thereto. It is true that, as one of the incidents of the proceedings, the creditor may file charges of fraud, which, if proved, may at the discretion of the magistrate or court subject the debtor to imprisonment, but, as is said in *Parker* v. *Page, ubi supra*, such charges are not " an independent, distinct substantive process against a debtor. They are only incidental to the previous proceeding commenced by him to obtain his release from confinement on civil process. The statute therefore gives to them the characteristics of a civil proceeding." It provides that " the charges shall be considered in the nature of a suit at law," that either party may appeal from the judgment of the magistrate to the Superior Court, " in like manner as from the judgment of a justice of the peace in civil actions;" and that by consent of parties the court may hear and determine the charges without a jury. Gen. Sts. *c.* 124, §§ 31–34.

The liability of the debtor to be imprisoned is not indeed one of the ordinary incidents of a civil action; and 't has been held

that a charge of fraud partakes so far of the nature of an accusation of a crime that it must be fully and plainly, substantially and formally described, under the twelfth article of the Declaration of Rights, though the technical strictness required in indictments and complaints may not be necessary. *Chamberlain* v. *Hoogs,* 1 Gray, 172. *Stockwell* v. *Silloway,* 100 Mass. 287. But in most particulars the proceedings are in the nature of a civil action between the creditor and debtor.

The principal object of them is to determine whether the debtor is entitled to be released from imprisonment for debt at the suit of the creditor. But for the provision authorizing the imprisonment of the debtor if convicted upon charges of fraud, it is entirely clear that the same rules of evidence would apply as in any civil action. We are of opinion that it is not the purpose or effect of this provision to change the rules of evidence and to put upon the creditor the burden of a greater stringency of proof. It follows, therefore, that the Superior Court correctly held that the rule of evidence, applied in strictly criminal cases, that the allegations must be proved beyond reasonable doubt, was not applicable in this case. See *Richardson* v. *Burleigh,* 3 Allen, 479.

For the same reasons the ruling of the court, that it was competent for the creditors to call as witnesses the debtor and his wife, under the St. of 1870, *c.* 393, was correct.

The books of the Hampshire Savings Bank, supported by the oaths of the treasurer and clerk who made the entries therein, were properly admitted in evidence. *Adams* v. *Coulliard,* 102 Mass. 167. *Briggs* v. *Rafferty,* 14 Gray, 525. *McKavlin* v. *Bresslin,* 8 Gray, 177.

The exception to the admission of the deed of mortgage from the debtor's wife to Curtis is without foundation. The fraud alleged was that the debtor had bought a house and lot of Graves and had caused it to be conveyed to his wife for the purpose of defrauding his creditors. A part of the consideration paid Graves was procured by means of the mortgage to Curtis, which was given to secure the debtor's sole note, afterwards, as it was claimed, paid by him. The debtor joined in the mortgage. It was not, therefore, as argued by the debtor, *res inter alios,* but was a part of the transaction alleged to be fraudulent and was clearly admissible in evidence. *Exceptions overruled.*