## ELLEN A. CLATUR *vs.* GEORGE DONEGAN.

Suffolk.   November 13. — 29, 1878.   COLT & MORTON, JJ., absent.

At the trial in the Superior Court of charges of fraud, under the Gen. Sts. *c.* 124, § 31, against a person applying to take the oath for the relief of poor debtors, after the reading of the copies sent up by the magistrate, the debtor moved to dismiss, assigning the reason therefor. *Held*, that the motion was seasonably made.

An appeal from the judgment of a magistrate upon charges of fraud, under the Gen. Sts. *c.* 124, § 31, against a person applying to take the oath for the relief of poor debtors, by which the debtor is adjudged guilty of some of the charges and not guilty of others, vacates the whole judgment, and opens the case for trial upon all the charges.

Charges of fraud were filed, under the Gen. Sts. *c.* 124, § 31, against a person applying to take the oath for the relief of poor debtors, the first of which alleged that since the debt was contracted or cause of action accrued, for which the debtor had been arrested, he had fraudulently conveyed, concealed, or otherwise disposed of some part of his property and estate, with a design to secure the same to his own use, or defraud his creditors. The fourth charge alleged that the debtor, on a certain day, made a conveyance of certain personal property (describing it) to a certain person, and that the conveyance was made after the debt was contracted and the cause of action accrued, for which the debtor was arrested, and with a design to secure the same to his own use, and to defraud his creditors, and that the said conveyance was made without consideration; but did not allege that the property was the property of the debtor. *Held*, that the fourth charge was in the nature of a specification under the first, **and** must be construed in connecuon with it.

CHARGES OF FRAUD, filed under the Gen. Sts. *c.* 124, § 31, upon the defendant's application to be admitted to take the poor debtor's oath. The first and fourth charges were as follows:

" First. That since the debt was contracted or cause of action accrued, for which said George Donegan has been arrested in this case, the said George Donegan has fraudulently conveyed, concealed, or otherwise disposed of some part of his property and estate, with a design to secure the same to his own use, or defraud his creditors."

" Fourth. That the said George Donegan, on or about August 15, 1875, made a conveyance of certain personal property, to wit, certain buildings situated on leased land, and numbered 203 on West First Street in that part of Boston called South Boston, together with the stock, tools, and fixtures in said buildings contained, also a certain building on leased land, used in connection with the above as a barn, and upon the same premises, together with a certain horse, cart, sleigh, and harness, to one Augustine Donegan; and that said conveyance was made after the debt was contracted and the cause of action accrued, for which said George Donegan has been arrested in this case, and with a design to secure the same to his own use, and to defraud his creditors, and that the said conveyance to the said Augustine Donegan was made without consideration."

The second and third charges set forth like conveyances of the debtor's title and interest in lands described in certain deeds annexed.

At the hearing before the magistrate, the debtor was found guilty and sentenced to imprisonment upon the fourth charge, and was found not guilty of the other charges, and appealed to January term 1877 of the Superior Court.

The case came on for trial at January term 1878. After the reading of the copies sent up by the magistrate, the debtor moved to dismiss, for the reason that the fourth allegation contained no charge upon which the debtor could be tried, inasmuch as the property therein alleged to have been conveyed was not alleged to have been the property of the debtor.

*Rockwell*, J. ruled, "that the motion to dismiss was properly filed; that the fourth allegation did not aver that the property conveyed was the property of the defendant; that the fourth alle-

gation did not state a charge upon which the defendant could be tried under these proceedings; that the fourth allegation was the only allegation before the court, and that no reference could be had to any other allegation contained in the charges, for explanation or otherwise, in aid of the fourth allegation;" and ordered the case to be dismissed. The plaintiff alleged exceptions.

*H. J. Edwards*, for the creditor.

*G. H. Towle*, for the debtor.

GRAY, C. J. It was rightly ruled that the motion to dismiss was seasonably made. *Chamberlain* v. *Hoogs*, 1 Gray, 172. But the other rulings were erroneous. Upon the appeal from the judgment of the magistrate, the case stood for trial in the Superior Court upon all the charges. *Morse* v. *Dayton*, 125 Mass. 47. The fourth charge is in the nature of a specification under the first, and must be construed in connection with it; and a reference to the first charge clearly shows that the property conveyed was the property of the debtor. *Stockwell* v. *Silloway*, 100 Mass. 287. *Anderson* v. *Edwards*, 123 Mass. 273.

*Exceptions sustained.*