## WILLIAM B. FROST'S CASE.

Suffolk.    March 19; June 25. — October 24, 1879.

The St. of 1877, c. 250, applies only to cases where application is made for a certificate authorizing the arrest of a poor debtor upon the first charge specified in the Gen. Sts. c. 124, § 5.

If a magistrate has refused to grant a certificate for the arrest of a poor debtor, upon an application based upon the first charge specified in the Gen. Sts. c. 124, § 5, the creditor is not prevented by § 4 of the St. of 1877, c. 250, from immediately applying for a certificate of arrest based upon any of the other charges specified in the above section of the Gen. Sts.; and, if in his application he joins the first charge with one of the other charges, the first charge may be rejected as surplusage.

The affidavit and proof required by the Gen. Sts. c. 124, § 5, before a person can be arrested in a civil action, is not a charge of an "offence" to which the debtor is "held to answer," within the twelfth article of the Declaration of Rights.

HABEAS CORPUS. Hearing before *Morton*, J., who reserved the case for the determination of the full court. The facts appear in the opinion.

*J. R. Churchill*, for the petitioner.

*J. E. Leach*, contra.

MORTON, J.   The judgment creditors in this case made appli cation to a magistrate for a certificate authorizing the arrest of the debtor upon an execution in their favor, upon the first charge specified in the Gen. Sts. *c.* 124, § 5.   Notice was thereupon issued to the debtor, under the St. of 1877, *c.* 250, and, upon a hearing, the magistrate refused to grant a certificate authorizing the arrest of the debtor.   Two days afterwards, an attorney in behalf of the judgment creditors made this affidavit: "I believe, and have good reason to believe, that the debtor, William B. Frost, named in said execution, has property not exempt from being taken on execution, which he does not intend to apply to the payment of the judgment creditors' claim; and further, that I believe, and have good reason to believe, that since the debt was contracted, and the cause of action accrued, the said debtor, William B. Frost, has fraudulently conveyed, concealed or otherwise disposed of, some part of his estate, with a design to secure the same to his own use and defraud his creditors." The magistrate indorsed upon the execution this certificate: " After due hearing I am satisfied there is reasonable cause to believe that the charges made in the said affidavit are true." Thereupon an officer arrested the debtor upon the execution; and the question in this case is as to the legality of this arrest.

By the Gen. Sts. *c.* 124, as amended by the St. of 1860, *c.* 215, a creditor had the right to arrest a debtor upon an execution amounting to twenty dollars exclusive of all costs, upon making affidavit, and proving to the satisfaction of some magistrate named in § 1, that he believes, and has good reason to believe, either, " first, that the debtor has property not exempt from being taken on execution, which he does not intend to apply to the payment of the plaintiff's claim; or second, that since the debt was contracted, or the cause of action accrued, the debtor has fraudulently conveyed, concealed, or otherwise disposed of some part of his estate, with a design to secure the same to his own use or defraud his creditors;" or third, that he has lost money or property by unlawful gaming; or fourth, that he has wilfully expended and misused his goods or estate for the purpose of enabling himself to swear that he has not any estate to the amount of twenty dollars, except such as is exempt from being

taken on execution; or fifth, that he contracted the debt with an intention not to pay it; or sixth, that, being an attorney at law, he unreasonably neglects to pay money collected by him for the creditor. Gen. Sts. *c.* 124, § 5.

Under these provisions, an arrest was lawful upon the creditor's making affidavit to and proving either of the six charges, on an *ex parte* hearing before the magistrate without any notice to the debtor. The St. of 1877, *c.* 250, so far changed the General Statutes that a magistrate cannot authorize an arrest upon the first charge without giving notice to the debtor, unless it appears that he intends to leave the state. It provides that, upon such application, the magistrate shall give notice to the debtor, and if he appears shall examine him on oath "touching his estate and effects and the disposal thereof;" that if it appears that the debtor has any estate to the amount of twenty dollars, not exempt from being taken on execution, he shall produce it and allow it to be applied towards the execution, or shall assign it to the creditor in such form as the magistrate may direct. It further provides, in the fourth section, that if the debtor shall appear and obey all lawful orders made by the magistrate, "the magistrate shall not grant a certificate authorizing an arrest on the aforesaid application, and the judgment creditor shall not for the period of three years thereafter be authorized to make appli cation for the arrest or examination of such debtor upon the same charge and cause of action."

This statute applies only to cases where application is made for a certificate authorizing an arrest upon the first charge specified in the Gen. Sts. *c.* 124, § 5. It leaves untouched the right of a judgment creditor, under the General Statutes, to procure a certificate of arrest upon either of the other five charges. It is too clear to admit of doubt that the judgment creditor in this case might have originally made application for an arrest upon either of the last five charges without notice to or an examination of the debtor.

But the petitioner contends that, as the creditor elected to make an application for a certificate authorizing an arrest upon the first charge, he is debarred by the statute from arresting the debtor upon any of the other charges of fraud. The statute has no provision to this effect. Section 4 provides that, if the magis-

trate refuses to grant a certificate, the judgment creditor shall not within three years be authorized to make application for the arrest and examination of the debtor upon the same charge and cause of action. But it does not, either directly or by implication, prohibit the creditor from arresting the debtor upon either of the other charges of fraud.

It is argued that if, after the magistrate has refused the certificate under this statute, the debtor may be arrested upon another charge, he would have the right to apply to take the oath for the relief of poor debtors, upon which application he would be liable to an examination as to his property, and the disposal of it, and thus the provision of the statute that the cred itor should not be authorized to make application for the arrest or examination of the debtor on the same charge would be violated. This argument is founded upon a misconstruction of the statute of 1877. The provision can only apply to an applica tion under that statute, there being no other case in which the creditor makes application for an examination of the debtor. The statute was not intended to forbid an examination within three years upon other charges, in the course of proceedings initiated by the debtor for the purpose of taking the poor debtor's oath after an arrest.

The petitioner also contends that the arrest was invalid, because, in the affidavit on which it was made, the first charge, upon which the magistrate had found in his favor, was improperly joined with the second charge, of a fraudulent conveyance. This was certainly irregular and improper. But it is clear that this application was not made under the statute of 1877, but under the General Statutes, and that it was so treated by the magistrate. The first charge therein may be rejected as surplusage, and yet enough remains to justify the arrest of the debtor; and the magistrate's certificate shows that he found that the second charge of a fraudulent conveyance was proved. We think, therefore, that the affidavit and certificate show a sufficient cause of arrest; and that the improper joinder of a charge which may be rejected as surplusage does not invalidate it.

The petitioner contends that the affidavit is general and vague, and is not sufficient to justify his arrest, being in violation of the

twelfth article of the Declaration of Rights. That article declares that "no subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him." It has been held that, where charges of fraud are filed after a debtor has made application to take the oath for the relief of poor debtors, it is necessary that the charges should be stated with such fulness, clearness and precision as to inform him of the nature and particulars of the transaction intended to be proved against him, and to enable him to prepare his defence. *Chamberlain* v. *Hoogs*, 1 Gray, 172. *Stockwell* v. *Silloway*, 100 Mass. 287.

Undoubtedly, if the debtor in this case should hereafter make application to take the oath, and should be called upon, under the Gen. Sts. c. 124, § 31, to plead to the charge as it is stated in the affidavit, the charge would be quashed for its generality if the objection were seasonably taken. The charge would then have become a charge of an offence for which he is held to answer, and he could not be put upon his trial unless the creditor should file, as by the law he might, specifications in the nature of amendments to his general charge, clearly setting out the nature and particulars of the offence charged. *Stockwell* v. *Silloway*, *ubi supra*. *Clatur* v. *Donegan*, 126 Mass. 28. But in the present stage of the case the affidavit cannot properly be called a charge of an offence to which the debtor is called to answer.

By the common law, the creditor had the absolute right to arrest his debtor upon an execution for debt. This right is restricted by our statutes, which permit an arrest on execution only where the creditor makes affidavit, and proves to the satisfaction of the magistrate, that he believes, and has reason to believe, that one of the six charges named in the statute is true. The affidavit and proof before the magistrate, for the purpose merely of obtaining the authority to arrest upon the execution, are not proceedings in a criminal case. They are merely proceedings in the course of a civil suit for the collection of a debt, to which the twelfth article of the Declaration of Rights has no application. If a creditor makes his affidavit in the form provided by the statute, and obtains the certificate of the magistrate duly annexed to the execution, he has complied with all

the requirements of the statute, and is justified in causing the arrest of the debtor.

Upon the whole case, therefore, a majority of the court is of opinion that the arrest of the petitioner was legal; and that he is not entitled to be relieved upon a writ of habeas corpus.

*Prisoner remanded.*