ASA P. MORSE vs. GOODRICH M. DAYTON.

Suffolk. March 2. — 3, 1880. ENDICOTT & SOULE, JJ., absent.

The omission of a debtor, at the trial of an appeal by him from the judgment of a magistrate upon charges of fraud under the Gen. Sts. c. 124, to file in court copies of the charges and the plea thereto, and of his examination before the magistrate, does not entitle the creditor, after proceeding to trial without raising any objection on this ground, to have the debtor defaulted.

APPEAL by a debtor from the findings and sentence of a master in chancery upon charges of fraud filed against him by a judgment creditor, under the Gen. Sts. c. 124, upon his application to take the oath for the relief of poor debtors.

The appeal was entered, and the master's certificate of the proceedings before him, as well as the original charges of fraud and the plea thereto, were filed, in the Superior Court at October term 1876. At the first trial, at April term 1877, the creditor proposed to offer evidence upon all the specifications in the charges; but the judge limited the evidence to the single charge upon which the debtor had been found guilty by the magistrate; and, it being pleaded and admitted that the debtor had been adjudged a bankrupt, and that the creditor's debt had been proved against his estate in bankruptcy, directed a verdict for the debtor, and reported the case to this court, which held both rulings to be erroneous, and ordered a new trial. 125 Mass. 47.

At the second trial, at January term 1879, before Aldrich, J., the creditor read the master's certificate of the proceedings before him, and moved to have the debtor defaulted, because he had failed to produce in the Superior Court copies of the charges of fraud and of the plea thereto, but instead thereof had produced the originals. This objection not having been previously taken, the judge overruled the motion.

In the course of the trial, it appeared that the debtor had been examined on oath by the creditor's attorney before the master, and his examination taken in writing, his answers read to him for correction, and no correction made; but that the examination was not afterwards sworn to nor signed by him. The creditor thereupon moved that the debtor be defaulted, because he had failed to produce in the Superior Court a copy of

the examination so taken before the master. The judge over ruled this motion also; but, at the request of the creditor, per-mitted the original examination, having been produced by the debtor, to be read by the creditor to the jury as evidence, by reason of admissions therein contained, upon the charges of fraud.

The jury returned a verdict of not guilty upon all the charges; and the creditor alleged exceptions to the refusals to grant his motions.

*D. B. Gove*, for the creditor.

*R. D. Smith & M. M. Weston*, for the debtor, were not called upon.

BY THE COURT. The omission of the debtor to file in the Superior Court copies of the charges of fraud and the plea thereto, and of his examination before the magistrate, did not entitle the creditor, after proceeding to trial without raising any objection on this ground, to have the debtor defaulted. Whether a postponement or suspension of the trial should have been granted, if moved for, until such copies were furnished, is not before us                       *Exceptions overruled*