## B. Morrill Noyes *vs.* William E. Manning.

Suffolk. January 15, 1894. — June 23, 1894.

Present: Field, C. J., Allen, Morton, & Barker, JJ.

*Poor Debtor — Charges of Fraud — Specification of Charges — Arrest of Judgment — Appeal — Authority of Assistant Clerk of Municipal Court of the City of Boston.*

The question of the authority of the assistant clerks of the Municipal Court of the city of Boston to issue executions, and to sign orders and certificates made by that court, cannot be raised for the first time at the argument in this court of an appeal from an order of the Superior Court overruling a motion in arrest of judgment upon a conviction there of a charge of fraud filed in poor debtor proceedings in which that question has not been included.

An appeal from an order of the Superior Court overruling a motion in arrest of judgment brings up as matter of law only the question of the correctness of the ruling as made upon the motion that was filed.

Upon an application by a judgment debtor to take the oath for the relief of poor debtors he was arrested on a charge of fraud, filed by the creditor under Pub. Sts. c. 162, § 17, cl. 5, which charge was as follows : " And now comes the creditor in the above entitled action and says that the action (upon which execution in said case was issued and the said debtor arrested) ' was founded on contract, that the debtor contracted the debt with an intention not to pay the same.' " The charges were signed and sworn to as required by the statutes. *Held,* that the action to which the poor debtor proceedings related, and the charge referred, furnished the debtor with all the information that he required.

Poor debtor proceedings are in their main features of a civil, and not of a criminal nature, though if a debtor is found guilty upon a charge of fraud he may be imprisoned.

When a charge of fraud filed by a judgment creditor in poor debtor proceedings does not by reference to the action or otherwise furnish the particulars necessary to enable the debtor clearly to understand of what he is accused, the creditor may be required to file specifications, and if he fails so to do, the charge may be quashed if seasonable objection is made.

Appeal from an order of the Superior Court overruling a motion in arrest of judgment, which, it was agreed at the argument in this court, was filed after the former decision, reported 159 Mass. 446, when the defendant was brought up for sentence upon conviction of the charge of fraud filed against him by the plaintiff under Pub. Sts. c. 162, § 17, cl. 5, upon his application to take the oath for the relief of poor debtors.

The motion in arrest of judgment alleged that the charge of fraud did not set forth the supposed fraud fully, plainly, clearly,

and formally, as the law requires; that it did not set forth the
contract referred to therein, nor the names of the parties, nor
any particulars with reference to the contract, its nature or
terms, or the liability of the defendant under it, or anything
intended or calculated to inform the defendant of what he was
to meet or defend; that there was no allegation of the time
when the alleged intention was formed, or when the alleged con-
tract was made; that the creditor was nonsuited in the Superior
Court before judgment, and that the alleged charge was wholly
insufficient, vague, and indefinite, and disclosed no jurisdiction
of the court.

The charge of fraud upon which the defendant was arrested
was as follows: " And now comes the creditor in the above
entitled action and says that the action (upon which execution
in said case was issued and the said debtor arrested) ' was
founded on contract, that the debtor contracted the debt with
an intention not to pay the same.' " The charge was signed
by the plaintiff, and was signed and sworn to as required by the
statutes, and the certificate, the original execution, and the notice
to the judgment debtors were signed by an assistant clerk of
that court. At the argument in this court the objection that
the plaintiff was nonsuited in the Superior Court before judg-
ment was waived.

*P. J. Casey*, for the defendant.

*J. J. Feely*, for the plaintiff.

MORTON, J. The principal question which is discussed by
the defendant in his brief relates to the authority of the assistant
clerks of the Municipal Court of the city of Boston to issue exe-
cutions and sign orders and certificates made by that court. It
is enough to say of this question, that it is not included in the
motion in arrest, and cannot be raised for the first time at the
argument in this court. The appeal brings up as matter of law
only the question of the correctness of the ruling as made upon
the motion that was filed.

The substance of the motion in arrest is that the charge of
fraud on which the defendant was tried and found guilty does
not set out the fraud with such clearness and formality as the
law requires, but is vague, indefinite, and insufficient in regard
to the nature of the contract, the parties, and other particulars

necessary, it is alleged, to inform the defendant what he is to meet. The charge on which the defendant was arrested was the fifth contained in Pub. Sts. c. 162, § 17, and was made as follows: "And now comes the creditor in the above entitled action, and says that the action (upon which execution in said case was issued and the said debtor arrested) 'was founded on contract, that the debtor contracted the debt with an intention not to pay the same.'" This was signed and sworn to as required by the statutes. It is to be observed that the substantive part of the charge was in the precise words of the statute. It is assumed in *Chamberlain* v. *Hoogs*, 1 Gray, 172, and in *Frost's case*, 127 Mass. 550, 554, that that may be sufficient, especially if there is no objection to it. Poor debtor proceedings are in their main features of a civil, and not of a criminal nature, though if a debtor is found guilty upon a charge of fraud he may be imprisoned. *Everett* v. *Henderson*, 150 Mass. 411. *Parker* v. *Page*, 4 Gray, 533. *Stockwell* v. *Silloway*, 100 Mass. 287. *Leonard* v. *Bolton*, 153 Mass. 428. *Noyes* v. *Manning*, 159 Mass. 446. When the charge does not, by reference to the action or otherwise, furnish the particulars necessary to enable the debtor clearly to understand what he is accused of, the creditor may be required to file specifications, and if he fails so to do the charge perhaps could be quashed if seasonably objected to. *Frost's case*, 127 Mass. 550, 554. In this case the action to which the poor debtor proceedings related and the charge referred seems to have furnished the debtor with all the information that he required, and the sufficiency of the charge was not objected to till after the verdict, and when the defendant was brought up for sentence.

*Order overruling motion in arrest of judgment affirmed.*