### PLACIDO RESTUCCIA *vs.* JAMES J. BONNER.

Middlesex.    May 15, 1934. — September 12, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Supplementary proceedings, New trial.    *Poor Debtor.*

A motion for a new trial is addressed to the discretion of the trial judge and no exception lies to the exercise of sound judicial discretion in disposing of such a motion.

Questions of law which might have been, but were not, raised at a trial cannot be presented as of right upon a motion for new trial.

If a debtor in a district court pleads not guilty to a charge of fraud made against him under G. L. (Ter. Ed.) c. 224, § 19, and appeals to the Superior Court from a decision adverse to him in such proceedings, there is no occasion for a plea to be entered by him in the Superior Court.

SUPPLEMENTARY PROCEEDINGS, begun in the First District Court of Eastern Middlesex on December 9, 1932, under G. L. (Ter. Ed.) c. 224.

Proceedings under § 19 of said chapter in the District Court, and in the Superior Court before *Gibbs,* J., on appeal by the debtor, and exceptions saved by him, are described in the opinion.

The case was submitted on briefs.

*D. B. Curnane & M. Rosenblatt,* for the defendant.

*J. J. Matthews,* for the plaintiff.

RUGG, C.J.    Supplementary proceedings by the creditor were begun against his debtor in a district court under G. L. (Ter. Ed.) c. 224.    Pending the examination of the debtor, the creditor filed charges of fraud under § 19 to the effect (1) that the debtor had fraudulently conveyed property with intent to secure it for himself and to defraud his creditors, and (2) that the debt was founded on a contract and the debtor had contracted it with intent not to pay it. In the district court the debtor pleaded not guilty and after trial was found guilty on the first charge and not guilty on the second charge.    The debtor appealed to the

Superior Court. The debtor did not plead to the charges anew in the Superior Court. No exception was taken to this failure. The case was tried in the Superior Court to a jury. A verdict of guilty was returned on both charges. Thereafter, the debtor filed a motion for a new trial, specifying four grounds: (1) that the court failed to have the debtor plead to the charges, (2) that the verdict was against the law as given to the jury, (3) that the verdict was against the evidence and the weight of the evidence, (4) that the jury had during their deliberations certain improper and prejudicial papers. At the hearing upon the motion for a new trial the debtor requested rulings of law to the effect: 1. If no plea to the charges was entered in the Superior Court, the motion must be granted. 2. If the jury had the original summons to appear in the District Court, the motion must be granted. 3. If the jury had in its possession the charges of fraud, the motion must be granted. 4. If the second charge was based upon a bond, there was no debt and the motion must be granted as to that charge.

The trial judge refused to grant the requests for rulings. The second request was refused because it was not in conformity to the facts. The motion for a new trial was denied. No findings of facts were made. No evidence is reported. No facts are set forth except those already recited. It does not appear that any exceptions were taken at the trial before the jury.

A motion for new trial is addressed to the discretion of the trial judge. No exception lies to the exercise of a sound judicial discretion in disposing of such a motion. Questions of law which might have been, but were not, raised at the original trial cannot be presented as of right upon a motion for new trial. *Holdsworth* v. *Tucker*, 147 Mass. 572. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496–497, and cases cited. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24–25. *Commonwealth* v. *Gedzium*, 261 Mass. 299, 308.

Charges of fraud are by the express terms of § 19 in the nature of an action at law although they may result in the imprisonment of the debtor. In their main features they

are essentially civil and not criminal. *Stockwell* v. *Silloway*, 100 Mass. 287, 294. Plainly, after the plea in the District Court, there was no occasion for a plea to be entered in the Superior Court. Even in criminal cases, that is not required where there has been a plea in the District Court. *Commonwealth* v. *Blake*, 12 Allen, 188. *Commonwealth* v. *Crapo*, 212 Mass. 209. *Commonwealth* v. *Wakelin*, 230 Mass. 567, 573.

It is not necessary to consider whether, after trial of the charges on their merits, the point that there has been no plea of guilty or not guilty would be open. See *Adams* v. *Silverman*, 280 Mass. 23, 28, and cases cited.

There is nothing in the case worthy of further discussion.

*Exceptions overruled.*