B. F. HUNTLEY FURNITURE CO. *vs.* PHILIP S. PARKER & another.

Suffolk.    May 23, 1935. — June 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, & QUA, JJ.

*Supplementary Process.*

Supplementary process by a judgment creditor under G. L. (Ter. Ed.) c. 224 does not lie against a corporation.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on March 11, 1935.

A demurrer by the respondents was sustained by *Lummus*, J. The petitioner alleged an exception.

*H. Singer*, for the petitioner.

No argument nor brief for the respondents.

RUGG, C.J. This is a petition for a writ of mandamus to compel the acceptance by the respondents, the judge and clerk of the Municipal Court of Brookline, of an application by a judgment creditor for supplementary process against a corporation organized under the laws of this Commonwealth against which the petitioner has recovered a judgment. The demurrer of the respondents on the ground that the petition set out no cause for relief was sustained. The petitioner excepted.

The question to be decided is whether the provisions of St. 1927, c. 334, § 2, now embodied in G. L. (Ter. Ed.) c. 224,

§§ 2–30, are applicable to corporations which are judgment debtors. The title of said c. 334 was "An Act to Revise the Poor Debtor Law by Providing for Supplementary Proceedings in Civil Actions." That chapter in substance and effect superseded the poor debtor law as it had existed for many years. The poor debtor statutes were designed to regulate and ameliorate the severity of the common law right of a creditor to arrest and imprison his debtor until the debt was paid. Manifestly the exercise of that right was limited to debtors who had bodies capable of being seized and cast into prison. In the nature of things it could not apply to corporations as debtors. Without tracing the history of the poor debtor statutes of this Commonwealth in detail, it is plain that until the enactment of said c. 334 they could not by any reasonable construction have been held to embrace debtors who were corporations. *Commonwealth* v. *Badlam*, 9 Pick. 362. *Frost's Case,* 127 Mass. 550, 554. *Brown's Case*, 173 Mass. 498. *Simon* v. *Justices of the Municipal Court*, 224 Mass. 122. *Howard* v. *Roach*, 226 Mass. 80. *Root* v. *MacDonald*, 260 Mass. 344, 355. There was a substantial sentiment among those best qualified to express an opinion to the effect that procedure under the poor debtor law as developed by statutes worked considerable hardship to debtors without affording the relief intended both for creditors and for debtors. There was agitation covering a period of several years for a modification of the poor debtor laws in order to remedy the existing unfortunate results permissible under them. The subject was considered in the second and final report of the Judicature Commission made in January, 1921, pages 48–51, wherein is reprinted a statement quoted from the report of the Municipal Court of the City of Boston made in 1916. The Judicature Commission suggested improvements in the statutes "to provide not only protection to the creditor in his right to payment, but reasonable protection to the debtor and those dependent upon him from oppression by the creditor." There is nothing, so far as we are aware, in extraneous reports or proceedings to indicate a desire or purpose to extend the scope of the poor debtor law so as to embrace corporations as debtors

preceding the enactment of said c. 334.  If that had been the design of the Legislature, it would have been natural so to declare in unequivocal words in view of the previous restriction of the poor debtor law to human beings as debtors. The general frame of c. 334 denotes that the persons subject to its provisions continue to be the same as theretofore.  The main change in the preëxisting law wrought by the new statute relates to the elimination of technicalities and the introduction of simplicity as to practice and procedure.  It prevents the abuses to which the earlier statutes had been proved by experience readily to lend themselves.  The procedure set up by said c. 334 is similar to that prevailing in equity.  *Giarruso* v. *Payson,* 272 Mass. 417.  It is somewhat analogous to that under the workmen's compensation act. It is not necessary to consider whether, if there had been a legislative declaration that said c. 334 was intended to include corporations as debtors, the words of the statute might have been worked out as a practical measure with respect to corporations, or to discuss cases like *C. H. Batchelder & Co. Inc.* v. *Batchelder,* 220 Mass. 42; *Commissioner of Corporations & Taxation* v. *Coöperative League of America,* 246 Mass. 235, and *Commonwealth* v. *New York Central & Hudson River Railroad,* 206 Mass. 417, 428.  Creditors are afforded ample relief against corporations which refuse to pay their debts by the ordinary processes of the law, by appointment of receivers, *New England Theatres, Inc.* v. *Olympia Theatres, Inc.* 287 Mass. 485, G. L. (Ter. Ed.) c. 156, § 51, and by petitions in bankruptcy.  The last two methods provide for equal distribution among creditors of the same class.  The words and history of the statute under consideration in *Boucker Contracting Co.* v. *W. H. Callahan Contracting Co.* 218 N. Y. 321, were quite different from those of said c. 334.

We are of opinion that the purpose of the enactment of the governing statute was simplification of remedies and that its words in the light of the history of the. development of our statutory law on the subject do not permit an interpretation to include corporate debtors.

*Exceptions overruled.*