Amos R. Little & others *vs.* Edward Mathews.

Suffolk.    October 4, 1944. — December 28, 1944.

Present: Field, C.J., Lummus, Qua, Ronan, & Spalding, JJ.

*Supplementary Process. Error,* Whether error harmful. *Practice, Civil,* Exceptions: whether error harmful.

Possible error in a ruling limiting the nature of evidence which an excepting party might introduce was not harmful to him where it did not appear that any evidence in his possession actually was excluded because of the ruling.

A judgment debtor who in a Municipal Court has pleaded not guilty to charges of fraud made against him under G. L. (Ter. Ed.) c. 224, § 19, need not plead again in the Superior Court on appeal after a finding of guilty.

Charges of fraud against a judgment debtor under G. L. (Ter. Ed.) c. 224, § 19, are a civil proceeding.

An appeal to the Superior Court after a finding of guilty on charges made against a judgment debtor under G. L. (Ter. Ed.) c. 224, § 19, carries to that court only the questions of the debtor's guilt and sentence; the examination of the debtor relative to his property and ability to pay is not transferred.

There was no error in a refusal to default a judgment debtor on his appearing only by counsel, but not personally, at a trial in the Superior Court, on appeal, of charges of fraud made against him under G. L. (Ter. Ed.) c. 224, § 19.

SUPPLEMENTARY PROCESS in the Municipal Court of the City of Boston.

Charges of fraud were tried before *Dowd*, J., on appeal to the Superior Court. The judge ordered verdicts of not guilty. The judgment creditors alleged exceptions.

*G. M. Yaghjian,* for the creditors.

*E. M. Dangel,* (*L. E. Sherry* with him,) for the debtor.

LUMMUS, J. On August 31, 1942, the plaintiffs began in the Municipal Court of the City of Boston an action of contract for rent against the defendant. On October 2, 1942, they recovered judgment for $2,202.28 and costs. On October 5, 1942, they applied for supplementary process to enforce payment of the judgment, under G. L. (Ter. Ed.) c. 224, § 14, et seq. Pending the examination of the defendant — the judgment debtor — the plaintiffs filed charges of fraud against him, under G. L. (Ter. Ed.) c. 224, § 19, the charges being those numbered First and Third in that section. After a plea of not guilty and a hearing, the Municipal Court found the defendant guilty, and sentenced him to imprisonment in jail for thirty days. The defendant appealed to the Superior Court as provided in that section. *Donnelly* v. *Montague,* 305 Mass. 14, 15, 16.

In the Superior Court the charges of fraud were tried to a jury. So far as appears the plaintiffs did not raise in that court the point that the appeal was defective because the defendant did not recognize with the sureties required by G. L. (Ter. Ed.) c. 224, § 19, when he claimed an appeal on Friday, October 30, 1942. *Brown* v. *Tobias,* 1 Allen, 385. *Morse* v. *Dayton,* 128 Mass. 451. But we assume that the point is jurisdictional. *Clearwater Laundry Co. Inc.* v. *Wiley,* 310 Mass. 255. The defendant did, however, furnish a recognizance with sureties, and thus perfected his appeal, on the following Friday, the sixth secular day after the sentence, within the time allowed for appeal. G. L. (Ter. Ed.) c. 231, § 97. *Morse* v. *O'Hara,* 247 Mass. 183, 186. *Daley* v. *District Court of Western Hampden,* 304 Mass. 86, 94.

The plaintiffs excepted to rulings that on the First charge

before mentioned they could not prove acts of fraud committed before the cause of action accrued, and that on the Third charge before mentioned they could not show acts of fraud committed more than three years before the bringing of the action of contract. G. L. (Ter. Ed.) c. 224, § 19. It is enough to say that the bill of exceptions does not show that because of those rulings any evidence possessed by the plaintiffs was excluded. Consequently no harm to the plaintiffs appears, whether the rulings were right or wrong.

The judge ruled rightly that since the defendant had entered a plea of not guilty in the Municipal Court, he need not plead again in the Superior Court. *Restuccia* v. *Bonner*, 287 Mass. 592, 594.

No error is shown with respect to the exclusion of certain evidence over the exception of the plaintiffs. The evidence did not warrant a finding of guilty of fraud.

The plaintiffs excepted to the refusal of the judge to default the defendant when he appeared at the trial by counsel, but was not personally present. This exception raises the most substantial question in the case.

The former poor debtor law of this Commonwealth began with the absolute right of a judgment creditor at common law to arrest the debtor upon the execution and imprison him for debt, and gradually through the years set limitations and restrictions upon that right, by which a debtor without property (*First Peoples Trust* v. *District Court of Lawrence*, 251 Mass. 206) might gain freedom from liability to imprisonment by taking the poor debtor's oath. *Commonwealth* v. *Badlam*, 9 Pick. 362. *Chase* v. *Ingalls*, 97 Mass. 524, 530. *Frost's Case*, 127 Mass. 550, 554. *Kerrigan's Case*, 158 Mass. 220. *Simon* v. *Justices of the Municipal Court of the City of Boston*, 224 Mass. 122. *B. F. Huntley Furniture Co.* v. *Parker*, 291 Mass. 339, 340. At the same time, decrees in equity for the payment of money were generally enforced by proceedings for contempt, in which the ability of the defendant to pay was the main question. *White* v. *White*, 233 Mass. 39, 43, 44. *Root* v. *MacDonald*, 260 Mass. 344, 355. *Commissioner of Banks*

*v. Tremont Trust Co.* 267 Mass. 331, 337. Rule 83 of the Superior Court (1932). By St. 1898, c. 549, judgments at law for the necessaries of life became collectible by "equitable process after judgment," in which the main question was the same as in the enforcement of equity decrees. *Brown's Case,* 173 Mass. 498. *Giarruso* v. *Payson,* 272 Mass. 417, 420. That statute became G. L. (1921) c. 225, but was repealed by St. 1927, c. 334, which substituted "supplementary proceedings" after judgment in civil cases generally. By the statute of 1927, now contained in G. L. (Ter. Ed.) c. 224, the equity practice of punishment for disobedience gained an almost complete victory over the common law practice of imprisonment for debt. *Giarruso* v. *Payson,* 272 Mass. 417. *Giantsi* v. *Christopher,* 277 Mass. 47. *McDermott* v. *Justices of the Municipal Court of the City of Boston,* 287 Mass. 563. *B. F. Huntley Furniture Co.* v. *Parker,* 291 Mass. 339. *Goldman* v. *Adlman,* 291 Mass. 492. *Allard* v. *Estes,* 292 Mass. 187. *David* v. *Larochelle,* 296 Mass. 302. *Donnelly* v. *Montague,* 305 Mass. 14.

One feature of the former poor debtor practice, originating in Rev. Sts. (1836) c. 98, §§ 27–38 (*Everett* v. *Henderson,* 150 Mass. 411, 419), and known as charges of fraud, which may be filed in a District Court "pending the examination of the defendant or debtor" (G. L. [Ter. Ed.] c. 224, § 19; *Andrews* v. *Cassidy,* 142 Mass. 96; *Leonard* v. *Bolton,* 153 Mass. 428, 430), has been retained in the present supplementary proceedings after judgment. Comparison of the present statute (G. L. [Ter. Ed.] c. 224, § 19) with the former poor debtor law (G. L. [1921] c. 224, §§ 40–43) shows only minor differences. The statute provides that charges of fraud "shall be considered in the nature of an action at law," and that means a civil action at law. *Everett* v. *Henderson,* 150 Mass. 411, 418. The burden of proof which is on the plaintiff (*Horton* v. *Weiner,* 124 Mass. 92, 94) is satisfied by proof by a preponderance of the evidence. *Anderson* v. *Edwards,* 123 Mass. 273, 277. See also *Roberge* v. *Burnham,* 124 Mass. 277; *Grella* v. *Lewis Wharf Co.* 211 Mass. 54, 59. An appeal to the Superior Court may be taken "in the same manner as from a

judgment of a district court in civil actions." § 19, *supra.*
G. L. (Ter. Ed.) c. 231, § 97. Notwithstanding the fact
that a sentence of imprisonment may be imposed, the pro-
ceeding is held to be civil rather than criminal. We need
not consider in this case whether imprisonment after a find-
ing or verdict of guilty on charges of fraud is punishment
for wrongdoing or merely a vestige of imprisonment for
debt. *Chamberlain* v. *Hoogs,* 1 Gray, 172. *Parker* v. *Page,*
4 Gray, 533. *Stockwell* v. *Silloway,* 100 Mass. 287, 294, 295.
*Anderson* v. *Edwards,* 123 Mass. 273. *Morse* v. *Dayton,* 125
Mass. 47. *Everett* v. *Henderson,* 150 Mass. 411. *Bradley*
v. *Burton,* 151 Mass. 419. *Noyes* v. *Manning,* 162 Mass.
14, 16. *Lamagdelaine* v. *Tremblay,* 162 Mass. 339, 341.
*Brown's Case,* 173 Mass. 498, 500. *Restuccia* v. *Bonner,*
287 Mass. 592. [1]

In a District Court, upon a summons issued "requiring
the judgment debtor to appear at a time and place named
therein and submit to an examination relative to his prop-
erty and ability to pay," it is true that "the failure of a
judgment debtor personally to appear without reasonable
excuse" is a default and a contempt. G. L. (Ter. Ed.)
c. 224, § 14. *Howard* v. *Roach,* 226 Mass. 80. *Sturman* v.
*McCarthy,* 232 Mass. 44. *McKeon* v. *Briggs,* 233 Mass. 99.
*National Surety Co.* v. *Reed,* 262 Mass. 372, 375. *Modern
Finance Co.* v. *Martin,* 311 Mass. 509. And since charges
of fraud in a District Court are an incident to an examina-
tion of the judgment debtor, it may be that he must appear
personally to answer the charges, or be defaulted. G. L.
(1921) c. 224, § 43. *Mowry's Case,* 112 Mass. 394, 397.
*Radovsky* v. *Sperling,* 187 Mass. 202. See also *Everett* v.
*Henderson,* 150 Mass. 411, 417, et seq.; *Leonard* v. *Bolton,*
153 Mass. 428, 430.

---

[1] One purpose of charges of fraud under the former poor debtor law, that
of precluding the defendant or debtor, if found guilty, from taking the poor
debtor's oath, no longer obtains, for under the present supplementary pro-
ceedings there is no such oath. *Parker* v. *Page,* 4 Gray, 533. *Dennis's Case,*
110 Mass. 18. *Lockhead* v. *Jones,* 137 Mass. 25. *Macaig's Case,* 137 Mass.
467. *Everett* v. *Henderson,* 150 Mass. 411. *Leonard* v. *Bolton,* 153 Mass.
428, 430. *Noyes* v. *Manning,* 159 Mass. 446, S. C. 162 Mass. 14. Under the
present law the only result of conviction on charges of fraud is a sentence of
imprisonment.

But the examination itself must end in the District Court, and cannot be transferred to the Superior Court by appeal. After an appeal from the judgment upon the charges of fraud, those charges become separated from the examination, and equally under the former poor debtor law and under the present practice nothing goes to the Superior Court except the questions of guilt and sentence. *Fletcher* v. *Bartlett*, 10 Gray, 491. *Russell* v. *Goodrich*, 8 Allen, 150. *Mowry's Case*, 112 Mass. 394, 397, 398. *Lockhead* v. *Jones*, 137 Mass. 25, 27. *Donnelly* v. *Montague*, 305 Mass. 14, 15, 16. Since an examination of the judgment debtor forms no part of such an appeal, the recognizance required upon such an appeal binds the appellant only "to enter and prosecute his appeal." G. L. (Ter. Ed.) c. 224, § 19. Nothing is said about personally appearing, or not departing without leave. Compare G. L. (Ter. Ed.) c. 276, § 65; c. 278, § 18, dealing with criminal cases; *Commonwealth* v. *Teevens*, 143 Mass. 210. If the creditor wishes the testimony of the judgment debtor on the appeal, he may summon the judgment debtor as a witness. *Anderson* v. *Edwards*, 123 Mass. 273, 277. Only in case "final judgment is against" the judgment debtor on the appeal is he required by the terms of the recognizance to "surrender himself to be taken on execution [1] and abide the order of the court." G. L. (Ter. Ed.) c. 224, § 19.

There was no error, either in refusing to default the defendant, or in directing a verdict of not guilty.

*Exceptions overruled.*

---

[1] But under the present statute there is no such thing as an arrest upon an execution except after a certificate authorizing arrest on the ground that the defendant "intends to leave the commonwealth so that supplementary proceedings will not be effective against him." G. L. (Ter. Ed.) c. 224, § 6. See *Modern Finance Co.* v. *Martin*, 311 Mass. 509.