H. J. MAY, The.  See Case No. 3,494.

H. LOGAN, The.  See Case No. 611.

H. M. WRIGHT, The (Walsh v.).  See Case No. 17,115.

## Case No. 6,544.

### HOADLEY v. SAN FRANCISCO.

[3 Sawy. 553; 8 Chi. Leg. News, 134; 1 Law & Eq. Rep. 64.] [1]

Circuit Court, D. California.  Dec. 27, 1875.

REMOVAL OF SUITS FROM STATE TO NATIONAL COURTS.

A suit was pending in the supreme court of California on appeal from the judgment of the district court at the date of the passage of the act of congress of March 3, 1875 [18 Stat. 470], relating to the jurisdiction of the United States circuit court, in which the judgment was reversed and the cause subsequently remanded to the district court for new trial. At the first term of the district court at which a trial could be had after the filing of the remittitur and before any other trial, the suit was removed to the United States circuit court on application of the plaintiff: Held, that the case is within the provisions of sections 2 and 3 of said act of congress, and that it was properly removed.

[Cited in Crane v. Reeder, Case No. 3,356; Young v. Andes Ins. Co., Id. 18,151; Meyer v. Delaware R. R. Const. Co., 100 U. S. 473; Hendecker v. Rosenbaum, 6 Fed. 99; Phoenix Mut. Life Ins. Co. v. Walrath, 16 Fed. 163.]

[See note at end of case.]

[This was an action by Milo Hoadley against the city and county of San Francisco.]

Motion to remand the case to the state court, from which it had been transferred to the United States circuit court.

W. C. Burnett, for the motion.

S. W. Holliday, opposed.

SAWYER, Circuit Judge. This action was originally commenced in the district court of the state of California for the Twelfth judicial district on January 5, 1870. A trial was had and a judgment entered therein July 3, 1871. An appeal having been taken to the supreme court of the state, October 25, 1871, the judgment was reversed and a new trial ordered by that tribunal, February 3, 1875, and a petition for rehearing having been subsequently filed and denied, a remittitur issued in pursuance of the judgment of reversal, July 29, 1875, which was filed in the district court, September 20, 1875.

On November 15, 1875, which was before the term at which the case could be first tried in the state district court, the only court in which it could be tried, after it had been remitted to that court by the supreme

[1] [Reported by L. S. B. Sawyer. Esq.. and here reprinted by permission. 1 Law & Eq. Rep. 64, contains only a partial report.]

court, the plaintiff presented a petition to the said district court, in due form, praying a removal of the case to this court, and it was accordingly removed. The defendant now moves to remand the case to the state court, on the ground that its removal was not authorized for the reason that it had already been tried in the state court before, and was pending in the supreme court on appeal at the time of the passage of the act of congress of March 3, 1875, under which the removal was had. It is not denied that the subject-matter of the suit is such as in that particular would authorize a removal.

Section 2, as to the point in question, provides that "any suit of a civil nature, at law or in equity, now pending, or hereafter brought in any state court," etc., may be removed. And section 3, that whenever any party entitled to remove a suit shall desire to do so, he "may make and file a petition in such suit in such state court before or at the term at which said cause could be first tried, and before the trial thereof for removal," etc. Thus it will be seen that the statute, in express terms, authorizes the removal of a suit pending in any state court at the time of the passage of the act, "now pending," as well as those that should be afterwards brought. But section 3 limits the time within which a removal may be had. It requires the election in either case to be promptly made. It requires the party to avail himself of the opportunity to remove at, or before, the first term at which a trial could be had, and before any trial after the right to remove attaches. This case was pending in a state court on appeal at the date of the passage of the act. The judgment of the court below had been reversed, and a new trial ordered, but there was pending a petition for rehearing. It was liable to be tried again, this liability depending upon the decision of the supreme court upon the petition for rehearing. All proceedings in the case in the district court were suspended pending the appeal; and it could not be tried in the district court till remitted from the supreme court. Upon the final reversal of the judgment with directions to try the case again, it stood in all particulars as though it had never been tried. The case not having been finally disposed of, but being liable to be tried again at the date of the passage of the act of congress, it was, in my judgment, a suit pending in a state court within the meaning of section 2, to which a right of removal attached; and the clause "the term at which said cause could be first tried and before the trial thereof," means "first trial," and "before the trial thereof" after the right of removal attached; and that is necessarily after the passage of the act giving the right of removal. In this case there was no trial, and no term when the cause could have been tried after the passage of the act, and after the right to remove attached, before the application for removal

was actually made and granted. Mr. District Judge Swing, of the Southern district of Ohio, held a removal to have been properly made in a cause pending in the state court at the date of the passage of the act of congress in which there had, prior to that date, been two trials and verdicts, both of which had been set aside, and where the cause stood awaiting a third trial at the date of the passage of the act. Andrew v. Garrett [Case No. 375].

I fully concur in the views expressed by the learned judge. The only difference between that case and this, is, that the present case was pending in the supreme court on a petition for rehearing after a judgment of reversal, .and no trial could be had, or movement for removal made, until the petition for rehearing should be decided and the case remitted to the district court in which alone the new trial could be had. I do not think this circumstance affects the right of removal. It was a cause "now pending" within the meaning of the act to which a right of removal attached, and the removal was made at the first opportunity. The motion to remand must be denied, and it was so ordered.

[NOTE. A demurrer was then filed to the bill, and on the hearing thereof the court entered an order remanding case to the state court. This order was affirmed by the supreme court. 94 U. S. 4. The supreme court of California affirmed a judgment for defendant. 12 Pac. 125. The plaintiff then sued out a writ of error from the supreme court of the United States, and the judgment was affirmed in an opinion by Mr. Chief Justice Waite. 124 U. S. 639, 8 Sup. Ct. 659.]