HENDECKER *v.* ROSENBAUM and others.

*(Circuit Court, S. D. New York.* February 1, 1881.)

1. TIME OF REMOVAL—ACT OF MARCH 3, 1875, § 3.

The words, " before or at the term at which said cause could be first tried, and before the trial thereof," contained in section 3 of the act of March 3, 1875, relating to the removal of causes, mean, in regard to suits then pending, the first trial after the right of removal attaches, subsequently to the passage of the act.

2. SAME—SAME.

Suit was brought in a state court, January, 1872; put at issue March, 1872; tried by a jury, June, 1878; verdict and judgment obtained by plaintiff, July, 1878; judgment affirmed by the general term of the court, March, 1879; judgment reversed by the court of appeals, and new trial ordered, June, 1880; judgment of court of appeals made judgment of court below, June 11, 1880; petition for removal filed by plaintiff December 31, 1880. *Held,* upon motion to remand, that the petition for removal was not filed in time, under section 3 of the act of 1875.—[ED.

Motion to Remand.

*W. H. McDougall,* for plaintiff.

*Nash & Holt,* for defendants.

BLATCHFORD, C. J. This suit was brought in a court of the state of New York, in January, 1872, and put at issue by an answer in March, 1872, making an issue of fact triable by a jury. It was tried before a jury in June, 1878, and the plaintiff had a verdict and a judgment in July, 1878, thereon. On appeal, the judgment was affirmed by the general term of the court in March, 1879. In June, 1880, the court of appeals reversed and annulled the judgments of the court below, and ordered a new trial. On June 11, 1880, the state court, by order, made the judgment of the court of appeals its judgment. In December, 1880, the plaintiff took proceedings in the state court for the removal of the cause to this court, before the second trial of it. The defendants now move to remand the cause to the state court on the ground that the removal was not made in time.

It is not claimed that the removal can be sustained under any provision of section 639 of the Revised Statutes. It

must take place, if at all, under the act of March 3, 1875, (18 U. S. St. at Large, 470.) The only question that will be considered is as to time. By section 3 of that act the petition for removal must be filed in the state court "before or at the term at which said cause could be first tried, and before the trial thereof." This provision applies to "any suit mentioned in" section 2 of that act. Section 2 applies to "any suit of a civil nature, at law or in equity, now pending or hereafter brought in any state court." This suit was pending in the state court when the act of March 3, 1875, was approved. The petition for removal in this case was filed in the state court on the thirty-first of December, 1880. Not only was the petition for removal not filed before or at the term at which the cause could be first tried after March 3, 1875, but it was not filed before or at the term at which the cause was, in fact, first tried, nor was it filed before the trial of the cause. As applicable to a case like the present, the words "the trial" must be read as if they were "the first trial." In view of prior removal acts the words "first trial" have a special meaning, and the words "the trial" refer to the trial involved in the preceding words "first trial."

Under section 639 of the Revised Statutes it was, as to cases under subdivisions 2 and 3 of that section, in sufficient time if the petition was filed "at any time before the trial or final hearing" of the suit. The act of July 27, 1866, (14 U. S. St. at Large, 306,) embodied in subdivision 2 of section 639, used the words "trial or final hearing." The act of March 2, 1867, (Id. 558,) embodied in subdivision 3 of section 639, used the words "final hearing or trial." These last words were altered in the Revised Statutes to read "trial or final hearing." The words in the act of 1867 were passed upon by the supreme court in *Ins. Co.* v. *Dunn,* 19 Wall. 214, and it was held that the word "final" applied to "trial" as well as to "hearing," and that under that act a suit at law could be removed by a petition filed at any time before its final trial,— that is, at any time before a trial final in the cause as it stood when the application for removal was made,—and therefore that it could be removed after a verdict on a trial

had been set aside and a new trial granted. The court refers to the difference in language between the act of 1866 and the act of 1867, and says that if that difference be "material it is fair to presume that the change was deliberately made to obviate doubts that might possibly have arisen under the former act, and to make the latter more comprehensive." This decision was made at the October term, 1873. The Revised Statutes were enacted June 22, 1874, changing the words "final hearing or trial" to "trial or final hearing," as in the act of 1866, and then came the act of 1875. It indicates a clear intention to narrow the latitude allowed under the previous statutes, and it is entirely clear that it does not allow this cause to be removed. The words "final trial" are no longer used, nor the word "tried" alone; but the words "first tried," and in connection with those words the word "trial," in the sense of "first trial." This was the view held by Judge Swing in *Young* v. *Andes Ins. Co.* 3 Cent. Law Jour. 719. The words in the act of 1875 mean, in regard to suits then pending, the first trial after the right of removal attaches, subsequently to the passage of the act. *Hoadley* v. *San Francisco,* 3 Sawy. 553, 555. The case of *Bible Society* v. *Grove,* 101 U. S. 610, is, so far as it goes, an authority against the removal in this case. There a suit was pending when the act of 1875 was passed. There was a trial of it thereafter at a term, and the jury disagreed. The case was continued at that term, and again at a subsequent term. After the latter term had passed the defendants took steps to remove the cause. The supreme court held that the proper construction of section 3 of the act of 1875, in regard to suits pending when the act was passed, is that the petition must be filed at the first term of the court after the passage of the act at which the cause could be tried, and that the removal in the case before it was too late.

The motion to remand is granted, with costs to be taxed.