JOHN A. ANDREWS & others *vs.* WILLIAM E. CASSIDY & another.

Suffolk.    March 29. — June 28, 1886.    W. ALLEN & HOLMES, JJ., absent.

The examination of a debtor, who has applied to take the oath for the relief of poor debtors, is "pending," within the meaning of the Pub. Sts. *c.* 162, § 49, so that the creditor may file charges of fraud against him, until the announcement of the decision of the magistrate, although the hearing of evidence and arguments has closed, and the magistrate has continued the cause for the purpose of considering the questions of law and fact involved therein.

PETITION alleging that the petitioners were copartners having their usual place of business in Boston; that on June 26, 1885, they duly recovered judgment against G. I. Robbins, of said Boston, in the Municipal Court of the city of Boston, on which execution duly issued on June 30; that, after all due and proper proceedings on the same, said Robbins duly appeared before William E. Cassidy, a commissioner in insolvency within and for said county, for the purpose of taking the oath for the relief of poor debtors; that said Robbins was duly sworn, and an examination had in writing, the same being continued over two separate terms; that said written examination was signed by the debtor on July 31, 1885, and the cause or hearing continued to August 11, 1885, by the magistrate, for a consideration of questions of law and of fact in the case; that on said day, the same being the day to which the cause had been continued, and pending the proceedings, no decision having been rendered by the magistrate, and while the case was still open, the petitioners presented to the magistrate charges of fraud against said debtor, the same being in writing and duly sworn

to ; and that the same were read, but the magistrate declined to allow the same to be filed, on the ground that the hearing was closed, although no decision had then or has since been given in the cause.

The prayer of the petition was, that a writ of mandamus issue, directing the magistrate to allow said charges of fraud to be filed ; and that the debtor be ordered to plead to the same.

The answer alleged, among other things, that, on July 31, said Robbins duly signed and swore to said examination in writing, that witnesses were then and there duly sworn and heard in said proceedings, that arguments were then and there made by the counsel for the parties to said proceedings, and that said commissioner then continued said proceedings to said August 11, for the purpose of considering the questions of law and fact in said cause; that on August 11, and before said commissioner had rendered his decision in said cause, the petitioners presented to him charges of fraud against said Robbins, which charges were in writing and sworn to, and were then and there read ; that said commissioner refused to allow said charges to be filed because the same were offered too late, not having been filed or offered for filing at any time pending the examination of said Robbins.

The case was heard upon the petition and answer by *C. Allen,* J., and reserved for the consideration of the full court.

*H. J. Edwards,* for the petitioners.

*S. T. Harris,* for the respondents.

C. ALLEN, J. The only question is whether, within the meaning of the Pub. Sts. *c.* 162, § 49, the examination of the debtor must be treated as pending up to the time of the announcement of the decision of the magistrate, so that the creditor was at liberty to file charges of fraud at any time before the announcement of the decision, although the hearing of evidence and arguments had closed, and the magistrate had continued the cause for the purpose of considering the questions of law and fact involved therein. And we are of the opinion that such an examination is still pending, until the announcement of the decision. Until then, the cause might have been reopened in the discretion of the magistrate, and further evidence or arguments heard. *Mandamus to issue.*